CONSUMERS INDEPENDENT LUMBER COMPANY, Appellee, v. J. H. ROZEMA, Defendant; HENRY MEYERS, Appellant.

No. 40667.

JUNE 20, 1931.

H. E. Narey, Wilson Cornwall, for appellee.

Salinger, Reynolds & Meyers, for appellant.

STEVENS, J.—On or about November 9, 1923, the appellant Henry Meyers entered into a contract in writing for the sale of two lots in the town of Spirit Lake to J. H. Rozema for a consideration of $4000.00. The contract provided that Rozema, "between the date of this instrument and March 1st, 1924, agrees to make improvements upon the above described premises, said improvements to consist largely of enlarging and remodeling the dwelling and said improvements to cost not less than $2,-500.00."

An oral contract was thereafter entered into by Rozema with appellee lumber company to furnish material for the contemplated improvement. The date of the first items furnished is November 19, 1923, and of the last item, as shown by the statement attached to the mechanics' lien filed in the office of the clerk of the district court, is July 25, 1924. The evidence satisfactorily shows that all of the material set out in the statement of the account was furnished and used upon the premises. Whatever of controversy there may be at this point arises only from the cross-examination of appellee's witnesses. No oral testimony was offered or introduced on behalf of the appellant. Numerous defenses are set up in the answer of appellant. Based upon the issues tendered, appellant urges several propositions for reversal, some of which are, we think, clearly without substantial merit.

█ The relation of appellant to the property upon which it is sought to have a mechanics' lien established and foreclosed was that of owner. The improvements were made under a specific provision of the contract of sale and purchase requiring them to be made. Code (1897), Section 3096; Veale Lumber Co. v. Brown, 197 Iowa 240; Schoeneman Lbr. Co. v. Davis, 200 Iowa 873; Janes v. Osborne, 108 Iowa 409; Thompson Yards v. Haakinson & Beaty Co., 209 Iowa 985; Hunt Hardware Co. v. Herzoff, 196 Iowa 715.

In such case the provisions of Sections 10287 and 10290 of the Code relating to the preference to be given mechanics' liens where other liens are involved, have no application. In so far as the rules established by these sections are concerned, they have

no application to a case in which the improvements are made by the owner. One of the obvious purposes of Rozema in the purchase of material and the use thereof in improving the residence situated on one of the lots agreed to be conveyed was that he might comply with the terms of his contract which contained a definite provision for forfeiture.

II. The major proposition urged and relied upon by appellant is that the action against him was barred by the statute of limitations before the action was commenced and he was served with an original notice thereof. A part of appellant's contention that the action was barred by the statute of limitations when commenced is based upon the proposition that the provision of contract of sale quoted supra operated as much as a limitation as a consent; that is to say, that the consent of appellant under which Rozema was permitted to make the improvements upon the premises limited both the amount that might be expended and the time within which the material must be furnished. The interpretation thus placed upon the contract fails to give proper effect to the obvious purpose for which appellant desired the improvements to be made. The intention of the parties would seem to be clear. Rozema paid no part of the purchase price. The requirement that the purchaser immediately place improvements to the extent designated upon the premises was designed to meet this omission. The time limit fixed was not necessarily of the essence of the contract. What appellant desired and obviously sought to obtain by the agreement in question was to compel substantial improvements to be placed upon the premises within a reasonable time.

"An action to enforce a mechanic's lien may be brought within two years from the expiration of the sixty or ninety days, as the case may be, for filing the claim as provided in this chapter and not afterwards." Section 10296, Code, 1924.

The contention of appellant that the statute commenced to run March 1st cannot be sustained. On the contrary, it must be held to have commenced to run from the date of the last lienable item. The original notice of the action was placed in the hands of the sheriff for service on the defendants on August 23, 1926, and was served upon Rozema on August 27th and on appellant September 4th, 1926. There was an interruption of

about a month after May 31st during which no material was furnished for the improvement of the property. The contention is urged that whatever material was furnished after May 31st was either not used upon the premises or was not furnished under the original contract. As stated, we think the evidence is sufficient on this point and fully sustains the finding of the trial court thereon. The interruption in the furnishing of material and the completion of the improvement is satisfactorily explained by the testimony. We are satisfied that all of the material furnished was contemplated by the oral contract when entered into between Rozema and appellee. If, however, we treat May 31st as the date on which the last lienable item was furnished, still the original notice was served upon appellant within two years and ninety days thereafter.

It is the theory of appellee that this was sufficient to prevent the bar of the statute. Ordinarily, and in actions generally, the delivery of the original notice to the sheriff of the proper county with the intent that it be served immediately is deemed the commencement of the action. Section 11012, Code, 1924. But, it is insisted by appellant that this statute has no application to the commencement of actions for foreclosure of a mechanic's lien. The theory of counsel at this point rests upon the rule announced by this court in Hawley v. Griffin, 121 Iowa 667, which is as follows:

"If the statute creating a right of action provides in the same connection that the right shall be exercised within a certain named period, then the limitation inheres in the right, and it is unaffected by the rules pertaining to limitations generally."

As bearing upon this rule, see Siberling v. Cropper, 119 Iowa 420; Dorr Cattle Company v. National Bank, 127 Iowa 153.

Hawley v. Griffin, supra, was an action to set aside certain tax deeds and to redeem from tax sales. The statute, Section 892 of the Code of 1873, which was involved in that action, provided that "if real property of any minor or lunatic is sold for taxes, the same may be redeemed at any time within one year after such disability is removed." The succeeding section provided that in cases where a tax deed has been delivered, the redemption shall be effected by equitable actions in courts of record. The statute creating the right of redemption in such

cases contained no provision fixing the time within which an action in equity might be brought. The court held that the limitation within which redemption might be made inhered in the right and that an action to effect such redemption must be brought within the period thus fixed, that is, within one year. Clearly, the rule stated is not applicable to actions for the foreclosure of a mechanics' lien.

Section 10296 quoted supra specifically provides that such action shall be commenced within two years and sixty or ninety days as the case may be after the date of the last item. The limitation thus fixed is not different from the statute of limitations generally and clearly does not inhere in the creation of a right to a mechanics' lien. The statutes of this state provide that an action to enforce a landlord's lien for rent must be commenced within six months after the expiration of the term. The delivery of an original notice to a sheriff is deemed the commencement of an action to foreclose a landlord's lien. Ralston Savings Bank v. Fisher, 165 Iowa 680. The action in this case was not, upon any tenable theory urged by appellant, barred by the statute of limitations when commenced.

Thompson Yards v. Standard Home Building Co. (Minn.), 201 N. W. 300, cited by appellant is not in point. The decision of the Supreme Court of Minnesota in that case was rested upon a statute which has no counterpart in this state. The rule announced therein affords no aid to the court in the decision of the point under discussion. Appellant clearly stood in the relation of owner to the property and the materials were furnished under an arrangement in harmony with the provision of the written contract of sale and purchase which appellant had with Rozema.

III. It is also urged that some of the items of material furnished and included in appellee's claim were not used in the reconstruction of the building but in the construction of sidewalks. Whether appellant was entitled to a lien for these items is not now of importance. There is nothing in the record tending substantially to indicate that these items were fraudulently included in the account. Unless such was the case, their inclusion is not fatal to appellant's right to a mechanics' lien. Chase v. Garver Coal Co., 90 Iowa 25; Stephenson & Peterson v. Svenson, 187 Iowa 802.

The lien as established was for $1360.00, the balance of the purchase price of the material having been previously paid. It was held by the Supreme Court of North Dakota in Viker v. Beggs (N. D.), 208 N. W. 383, that in such case it would be presumed that the payment would be first applied to the discharge of the non-lienable items. The cases cited by appellant, Stubbs v. Clarinda, College Springs & S. W. Ry. Co., 65 Iowa 513, and Teabout v. Jaffray & Co., 74 Iowa 28, are not in point. The sidewalks involved in those cases were not erected upon the premises. The improvement contemplated by the written agreement reasonably included sidewalks.

Other matters argued by counsel and relied upon for reversal are without merit.—Affirmed.

FAVILLE, C. J., and ALBERT, WAGNER, DE GRAFF, KINDIG, and GRIMM, JJ., concur.