Mabel GRONINGER, Appellant,

v.

Merrill E. DAVISON, Appellee.

No. 18227.

United States Court of Appeals
Eighth Circuit.

Aug. 26, 1966.

Harold G. DeKay, Atlantic, Iowa, for appellant.

Herschel G. Langdon, of Herrick, Langdon, Sandblom & Belin, Des Moines, Iowa, for appellee; David W. Belin and Richard G. Langdon, of Herrick, Langdon, Sandblom & Belin, Des Moines, Iowa, on the brief.

Before VOGEL, Chief Judge, and MATTHES and MEHAFFY, Circuit Judges.

VOGEL, Chief Judge.

This case is a suit for money damages by reason of personal injuries sustained in an automobile accident occurring in Clarinda, Page County, Iowa. We are concerned with whether or not the Iowa statute of limitations had expired, thus barring the action. A chronology of the events which caused the District Court to grant summary judgment for the defendant-appellee is necessary:

March 2, 1963. The accident which resulted in injuries to the plaintiff-appellant occurred within the State of Iowa.

March 1, 1965. Plaintiff-appellant filed her complaint with the clerk of the United States District Court for the Southern District of Iowa, therein alleging, inter alia, diversity of citizenship and involvement of more than the statutory requirement for federal court jurisdiction.

March 3, 1965. Summons in the action was delivered to the United States Marshal for service.

March 4, 1965. Service of summons on the defendant-appellee was made by the United States Marshal.

March 17, 1965. Defendant-appellee Davison filed his appearance and asked for an additional 15 days to file a responsive pleading.

March 28, 1965. Plaintiff-appellant filed an amended and substituted complaint.

March 31, 1965. Defendant-appellee filed his answer to the amended and substituted complaint.

June 21, 1965. Following a pre-trial conference, the District Court entered an order granting defendant-appellee leave to amend his answer and to plead the Iowa statute of limitations as a defense.

June 30, 1965. Defendant-appellee moved for summary judgment on the ground and for the reason that the action in United States District Court had not been commenced prior to the expiration of the Iowa statute of limitations.

September 13, 1965. The District Court sustained the motion for judgment in favor of the defendant-appellee.

§ 614.1, Iowa Code Annotated, provides in pertinent part:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specifically declared:

\* \* \* \* \* \*

"3. \* \* \* Those founded on injuries to the person \* \* \* within two years; \* \* \*."

Rule 48 of the Iowa Rules of Civil Procedure provides:

"A civil action is commenced by serving the defendant with an original notice."

Rule 49 of the Iowa Rules of Civil Procedure provides:

## "RULE 49. TOLLING LIMITATIONS

"For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, whether the limitation inheres in the statute creating the remedy or not, *the delivery of the original notice to the sheriff of the county in which the action is brought with the intent that it be served immediately,* which intent shall be presumed unless the contrary appears, *shall also be deemed a commencement of the action."* (Emphasis supplied.)

The District Court held that the Iowa two-year statute of limitations which began to run on March 3, 1963, and ended March 2, 1965, had expired at the commencement of this action. The court based its holding upon the compelling authority of Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; Burkhardt v. Bates, D.C.N.D.Iowa, 1961, 191 F. Supp. 149, aff'd., 296 F.2d 315; and 2 Moore's Federal Practice, § 3.07, p. 769.[1]

In appealing, plaintiff-appellant asks reversal on two grounds:

1. That there was a waiver by the defendant-appellee through failure to set out the affirmative defense of the statute of limitations in his first answer;

2. That the commencement of an action in federal court based upon diversity of citizenship is a matter of procedure and is governed by the Federal Rules of Civil Procedure, 28 U.S.C.A., Rule 3 of which provides:

*"Rule 3. Commencement of Action*

"A civil action is commenced by filing a complaint with the court."

We affirm the action of the District Court in granting summary judgment in favor of defendant-appellee.

As to plaintiff-appellant's first point, leave to amend the answer was expressly

---

1. Professor Moore in 2 Moore's Federal Practice, § 3.07, p. 769, has this to say: "The argument set forth above to the effect that in order to achieve the uniformity sought by the Federal Rules 'commencement' should for all purposes be determined according to Rule 3 has not prevailed. In Ragan v. Merchants Transfer & Warehouse Co., a case resembling *Eldred,* supra, the Supreme Court held that the steps necessary to toll a state statute of limitations were substantive within the meaning of the *Erie* doctrine and that an action is not commenced for the purpose of tolling a state limitations period until the steps required to be taken by state law to commence an action have been completed."

granted by the order of the District Court dated June 21, 1965. No objection was ever made thereto, although the amendment including the defense of the statute of limitations was filed on June 23, 1965. Plaintiff-appellant did not raise this point in the District Court and here has made no separate argument thereon. She has cited a number of cases allegedly in support of the position that defendant-appellee waived the defense, none of which, however, support her argument. In Roe v. Sears, Roebuck & Co., 7 Cir., 1943, 132 F.2d 829, the only case cited which alludes to concurrent functioning of both Rule 8(c) and Rule 12 (h) [2] of the Federal Rules of Civil Procedure, 28 U.S.C.A., upon which the plaintiff-appellant's waiver argument is dependent, the court said at page 832:

> "When defendant moved for summary judgment it had filed an answer, the legal effect of which was a waiver of its defense of the statute of limitations. It could not, therefore, *unless relieved from its default*, revive the defense it had waived. We need not consider when a defendant may be excused from its failure to plead the statute of limitations, and be permitted to amend its answer, because the instant case presents no such question. The defendant herein sought no such relief."

(Emphasis supplied.)

The clear inference to be drawn from this language is that a defendant could be relieved from a default and revive his defense. See, also, Emich Motors Corp. v. General Motors Corp., 7 Cir., 1956, 229 F.2d 714, 717. The other authority relied upon by plaintiff-appellant, Massachusetts Bonding & Ins. Co. v. Darby, D.C.W.D.Mo., 1945, 59 F.Supp. 175, and Kraushaar v. Leschin, D.C.E.D.Pa., 1944, 4 F.R.D. 143, offer the plaintiff-appellant yet less support for in neither of these

cases was there any attempt to amend the pleading to raise the statute of limitations as a defense, nor was Rule 12(h) specifically relied upon as the basis for waiver.

■ It appears to be settled that there is no waiver of the statute of limitations defense if the answer is properly amended to include it. See, Emich Motors Corp. v. General Motors Corp., supra, 229 F.2d at pp. 716–718 and cases cited; George McArthur & Sons, Inc. v. Safe-Play Mfg. Co., D.C.E.D.Pa., 1962, 32 F.R. D. 229, 230; Schwartz v. American Stores Co., D.C.E.D.Pa., 1958, 22 F.R.D. 38. Emich Motors dealt with the precise statute of limitations waiver problem herein presented. The court there concluded at page 717 of 229 F.2d:

> "In the instant case the plaintiffs have apparently entirely ignored the provisions of Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a), after stating when a party may amend his pleadings 'as a matter of course', provides that: 'Otherwise a party may amend his pleading only by leave of court * * * and leave shall be freely given when justice so requires.' Subd. (b) of Rule 15 provides for liberality in permitting the parties to amend their pleadings to conform to the evidence 'even after judgment.' "

■■ It is clearly within the trial court's sound discretion to grant leave to amend pleadings. See, e. g., Foman v. Davis, 1962, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222; Standard Title Ins. Co. v. Roberts, 8 Cir., 1965, 349 F.2d 613, 622; Gallon v. Lloyd-Thomas Co., 8 Cir., 1959, 264 F.2d 821, 823. Here there was no showing of abuse of that discretion. Plaintiff-appellant's claim that the statute of limitations defense was waived after there had been proper amendment is wholly without merit.

---

2. Rule 8(c) states:
   " * * * In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations, * * * and any other matter constituting an avoidance or affirmative defense."

Rule 12(h) states:
   " * * * A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer * * *."

■ Plaintiff-appellant's second point is more troublesome, but we believe was correctly decided by Judge Hanson. The case is, we think, controlled by Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L. Ed. 1520. There, a diversity suit for damages because of injuries sustained in an automobile accident which occurred less than two years before the filing of the complaint but where the summons was not served until more than two years after the date of the accident, it was held that summary judgment in behalf of the defendant was proper. Therein, Mr. Justice Douglas, speaking for the court, with one dissent, stated, beginning at page 532 of 337 U.S., at page 1234 of 69 S.Ct.:

"It is conceded that if the present case were in a Kansas court it would be barred. The theory of Guaranty Trust Co. v. York [326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079,] would therefore seem to bar it in the federal court, as the Court of Appeals held. The force of that reasoning is sought to be avoided by the argument that the Federal Rules of Civil Procedure determine the manner in which an action is commenced in the federal courts—a matter of procedure which the principle of Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487,] does not control. It is accordingly argued that since the suit was properly commenced in the federal court before the Kansas statute of limitations ran, it tolled the statute.

"That was the reasoning and result in Bomar v. Keyes, 2 Cir., 162 F.2d 136, 141. But that case was a suit to enforce rights under a federal statute. Here, as in that case, there can be no doubt that the suit was properly commenced in the federal court. But *in the present case we look to local law to find the cause of action on which suit is brought. Since that cause of action is created by local law, the measure of it is to be found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court.*

See Cities Service Co. v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196; Palmer v. Hoffman, 318 U.S. 109, 117, 63 S.Ct. 477, 482, 87 L.Ed. 645, 144 A.L.R. 719. It accrues and comes to an end when local law so declares. West v. American Tel. & T. Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956; Guaranty Trust Co. v. York, supra. *Where local law qualifies or abridges it, the federal court must follow suit. Otherwise there is a different measure of the cause of action in one court than in the other, and the principle of Erie R. Co. v. Tompkins is transgressed.*" (Emphasis supplied.)

This court in, Burkhardt v. Bates, 8 Cir., 1961, 296 F.2d 315, 316, affirmed a similar holding by Judge Henry Graven, a distinguished member of the Iowa bar and now a Senior District Judge, whose opinion is published at 191 F.Supp. 149. Therein, at page 151 of 191 F.Supp., it was held that:

" * * * in cases where jurisdiction is based upon diversity of citizenship, the state statutes relating to the matter of the commencement of an action for the purpose of tolling the statute of limitation covers. Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520."

In that case two separate summons in federal court were delivered to the marshal for service. The first was delivered to the marshal prior to the expiration of the Iowa statute of limitations. The first summons was, however, lacking in extraterritoriality and was held to be a nullity insofar as conferring jurisdiction on the federal court was concerned. The court stated, at page 154:

" * * * Any default judgment based on that service would not have been permitted to stand. The plaintiff then, in substance, abandoned that notice and caused a new summons to be issued, which summons was properly served on the defendants in the State of Iowa under the Iowa Nonresident Motorists Service Act, but that sum-

mons was not delivered to the Marshal until December 27, 1960, which was more than two years after the plaintiff's action accrued." (Plaintiff's action accrued November 26, 1958.)

It was the view of the court, sustained by this court on appeal, that delivery of the first summons to the marshal did not have the effect of tolling the statute and that inasmuch as the delivery of the second summons to the marshal occurred after the statute of limitations had expired, summary judgment should be granted for the defendant.

In the instant case, while plaintiff-appellant's complaint was filed with the clerk before the expiration of the statute of limitations, the summons was not delivered to the marshal's office for service until March 3, 1965. Thus even if the United States Marshal for the District of Iowa is considered the federal counterpart of an Iowa county sheriff, Rule 49 of the Iowa Rules of Civil Procedure, supra, does not save the situation. The summons in this case was not delivered to the United States Marshal for service until the day after the statute of limitations had run.

It is the contention of the plaintiff-appellant that the Supreme Court of the United States, in Hanna v. Plumer, 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8, overrules Ragan v. Merchants Transfer & Warehouse Co., supra. The court there held that in a civil action in a federal court, where jurisdiction is based upon diversity of citizenship, service of process shall be made in the manner set forth in the Federal Rules of Civil Procedure, Rule 4(d) (1), rather than in the manner prescribed by state law. While citing and referring to Ragan, the court very carefully avoids overruling its holdings. We agree with the Sixth Circuit which, in Sylvester v. Messler, D.C.E.D.Mich., 1964, 246 F.Supp. 1, aff'd., 1965, 351 F.2d 472, certiorari denied, 382 U.S. 1011, 86 S.Ct. 619, 15 L.Ed.2d 526, dealt with the identical question with which we are here concerned and said:

"At oral argument and by supplemental briefs, appellants suggested to this court, however, that a United States Supreme Court case decided a year after the District Court opinion referred to above had overruled the *Ragan* case. We have examined the opinion of Chief Justice Warren in Hanna v. Plumer, 380 U.S. 460, 85 S. Ct. 1136, 14 L.Ed.2d 8 (1965), and conclude that although it refers to and cites *Ragan,* it carefully refrains from overruling same. The instant case appears to us to be directly governed by *Ragan.*" 351 F.2d 472.

While it is difficult to reconcile Hanna v. Plumer, supra, with the holding in *Ragan,* we nevertheless must conclude that the majority of the Supreme Court, in supporting the opinion written by the Chief Justice, felt that it was not an overruling of *Ragan.* Until the Supreme Court itself overrules its very positive statements in *Ragan,* the lower courts must follow its holdings. This case is affirmed.