L. P. ALFORD, Plaintiff,

v.

M. L. WHITSEL, Defendant.

No. EC 7082-S.

United States District Court,
N. D. Mississippi, E. D.

June 4, 1971.

See also 322 F.Supp. 358.

Roy O. Parker, Tupelo, Miss., for plaintiff.

W. P. Mitchell, of Mitchell, Rogers & Eskridge, Tupelo, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be

granted. Rule 12(b) (6) Fed.R.Civ.P. The motion is bottomed on Mississippi's one-year statute of limitations.[1]

Plaintiff seeks to recover damages in this action against defendant, because of a prosecution initiated by defendant in Chickasaw County, which plaintiff contends was without just cause and maliciously inspired. The complaint alleges that defendant voluntarily appeared before the grand jury of Chickasaw County on October 13, 1969 and caused the grand jury to return an indictment against plaintiff on a charge of false pretense. The action was abandoned by the State and retired to the files on October 16, 1969. It is conceded by the parties that the cause of action accrued on October 16, 1969, the date on which the proceeding terminated in plaintiff's favor. See Harvill v. Tabor, 240 Miss. 750, 128 So.2d 863 (1961). It is also conceded that the action is controlled by the statute of limitation aforesaid.

Defendant contends that the application of Mississippi law to the uncontradicted facts fixes the time of the commencement of the action as November 21, 1970, when the clerk of the court and the Marshal were informed by plaintiff's counsel as to the manner in which defendant might be served with summons. If defendant's contention is upheld by the court the action must be dismissed and plaintiff will be barred of any remedy. Section 732 of the Mississippi Code, *supra*, provides that an action, such as is involved here, must be commenced within one year next after the cause of action accrues, and not after. This fixes the date for the commencement of this action, if brought within the time permitted by the statute, not later than October 16, 1970. Plaintiff contends that the action was commenced within the above said time period for the reason that the complaint was filed prior to October 16, 1970 with the intent for service of process to issue.

The following facts appear from the record and stipulation and affidavit filed with the court.

The complaint sets forth the nature of the action and describes defendant by name, with the additional averment that he "is a non-resident of the State of Mississippi and resides at 122 Cottage Lane, Dexter, Missouri."

The complaint was forwarded to the clerk by mail by plaintiff's counsel, with a cover letter, October 14, 1970. The letter requested the issuance of summons for defendant and stated defendant's place of residence as above mentioned.

The clerk received the complaint and cover letter on October 15, 1970. Acknowledging receipt of the complaint and letter, the clerk furnished counsel with United States Marshal's form USM 285 entitled "U. S. Marshal's Service-Instruction And Process Record". Counsel was requested to complete the form and return it to the clerk's office. At the same time the clerk informed counsel that the summons would be held in the clerk's office until the form had been returned.

Counsel for plaintiff returned the executed form to the clerk's office on October 22, 1970. The instructions given in the form requested the Marshal to serve the summons on defendant by publication of process.

Shortly after receipt of the form above mentioned, the Marshal talked by telephone with counsel and sought additional instructions as to the manner of service. Counsel, after reference to Mississippi statutes, instructed the Marshal, by letter, on November 5, 1970, to serve the

---

1. Section 732, Miss.Code 1942 Ann. (Rec. 1956), which provides:

"All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all ac-
tions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after."

summons on the Secretary of State of Mississippi as the process agent in the State for the nonresident defendant. On November 21, 1970 counsel completed another Service-Instruction and Process Record form for the Marshal's office and requested service of the summons by service on the Secretary of State. This form was received in the clerk's office on November 21, 1970. The summons was duly issued and served on the Secretary of State as resident process agent for the nonresident defendant on November 30, 1970.

It is clear to the court that the action was commenced within the one-year period, if the question is to be determined by federal rather than state law. Rule 3, Fed.R.Civ.P., is plain and unambiguous. In simple and concise language the rule provides "Commencement of Action. A civil action is commenced by filing a complaint with the court". The complaint was received and filed by the clerk on October 15, 1970, within the one-year period.

Defendant relies principally on the decision of the Mississippi Supreme Court in In Re Estate of Stanback, (1969) 222 So.2d 660. In Stanback the court recognized the rule previously established in Swalm v. Sauls, 141 Miss. 515, 106 So. 775 (1926) and Wood v. Peerey, 179 Miss. 727, 176 So. 721 (1937), that a request for service of process is understood to accompany the filing of a bill or petition, but added "[w]e also feel that a request, presumed or otherwise, is legally insufficient when it is not accompanied by sufficient information to enable the clerk to actually issue process".[2]

The facts in Stanback are distinguishable from the facts in the action sub judice. Here, the delay was in the service, not the issuance of the summons. The clerk issued the summons promptly. The service was delayed because counsel for plaintiff was not familiar with the manner in which the summons should be served. Because of his lack of understanding of the manner of service, the Marshal was unable to serve the summons until November 30, 1970, more than a year after the cause of action accrued.

The Stanback case involved a petition to set aside a will previously admitted to probate and to have admitted to probate a will which allegedly had been executed by the deceased on a day subsequent to the date of the original will. The petition did not designate any of the interested parties as defendants thereto. The prayer of the petition did not request that process issue for anyone. The affidavit attached to the petition did not set forth, as required by the state statute, any facts upon which process could issue for a nonresident defendant. The petition was filed with the clerk on February 14, 1968, and it was not until June 5, 1968, at the request of counsel for the petitioner, that process by publication was issued for the beneficiaries under the first will. The defendants filed a plea in bar setting forth the two-year statute of limitations applicable in such cases. The original will was probated in common form on May 26, 1966, and the two-year period expired after the petition was filed, but before the clerk was requested to issue process by publication. The court sustained the plea in bar holding that under the circumstances of the case and the applicable law petitioner did not file his suit in the legal sense on February 14, 1968, and that the actual filing was not accomplished until June 5, 1968, when a request for service of process was made by delivery of a prepared nonresident summons to the clerk, a standing custom in the community to secure the issuance of such a process.

The facts in the action sub judice are at variance with the circumstances involved in Stanback which led the Mississippi Supreme Court to say a "request for service of process, presumed or oth-

2. 222 So.2d at 663.

erwise, is legally insufficient when it is not accompanied by sufficient information to enable the clerk to actually issue process".

█ It is not necessary for the court, however, to determine whether *Stanback* is controlling on the issue presented to the court. The action sub judice, in the opinion of the court, is controlled by federal and not state law. This being the case, the action was commenced in this court, when the complaint was filed with the clerk in compliance with Rule 3, *supra*.

The court has reached the conclusion that the federal law is controlling on the question of when an action is commenced so as to toll the running of a state statute of limitations. This has been accomplished by a study and analysis of several Supreme Court decisions as well as decisions from the Circuits.

The case of Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), a diversity case, involved a highway accident which occurred in the State of Kansas. Kansas had a two-year statute of limitation on actions of this kind. The statute required that service of summons be completed within the two-year period in order to toll the statute. Plaintiff contended that the filing of the complaint as provided by the Federal Rules of Civil Procedure tolled the statute. In affirming the Court of Appeals the United States Supreme Court said:

"  *  *  *  But in the present case we look to local law to find the cause of action on which suit is brought. Since that cause of action is created by local law, the measure of it is to be found only in local law.  *  *  *  It accrues and comes to an end when local law so declares.  *  *  *"  3

The Supreme Court, however, premised its decision on the finding by the Court of Appeals that the requirement of service of summons within the statu-

tory period was an integral part of the state's statute of limitations.

The United States Supreme Court in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), a case involving the question of whether, in a civil action where the jurisdiction of the United States District Court is based on diversity of citizenship between the parties, service of process shall be made in the manner prescribed by state law or that set forth in the Federal Rules of Civil Procedure, said:

"  *  *  *

"The test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.'  *  *  *

*  *  *  *  *  *

*  *  *  It is true that both the Enabling Act and the Erie rule say, roughly, that federal courts are to apply state 'substantive' law and federal 'procedural' law, but from that it need not follow that the tests are identical. For they were designed to control very different sorts of decisions. When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and the Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.

*  *  *  *  *  *

*  *  *  To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over

3.  337 U.S. at 533, 69 S.Ct. at 1235, 93 L.Ed. at 1523.

federal procedure or Congress' attempt to exercise that power in the Enabling Act. Rule 4(d) (1) is valid and controls the instant case.

\* \* \*"

Thus, the Supreme Court has made it clear in *Hanna, supra*, that the district court must apply a Federal Rule in situations covered by the Federal Rules. In situations covered by the Federal Rules the court is only to determine the validity of the Federal Rule by determining the scope of the Enabling Act,[4] and the constitutionality of the particular rule in question. It has never been contended that Congress lacks the authority under the Constitution of the United States to make rules governing the practice and procedure in the federal courts. *Hanna, supra*, extended that authority even to areas which fall within uncertain areas capable of classification as either substance or procedure. It appears that the test for the validity of a Federal Rule promulgated by the Supreme Court pursuant to the authority delegated by Congress in the Enabling Act was established in the case of Sibbach v. Wilson & Co., 312 U.S. 1, 14, 61 S.Ct. 422, 85 L. Ed. 479, 485 (1941). In that case the Supreme Court held:

" \* \* \* The test must be whether a rule really regulates procedure, —the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them. \* \* \*"

*Hanna, supra*, makes it clear that the rule established in *Erie*[5] and its progeny, that federal courts are to apply state "substantive" law and federal "procedural" law for coping with situations where no Federal Rule applies, is not coexistensive with the limitation on Congress to which *Erie* had adverted.[6] Therefore, the traditional "substance-procedure" dichotomy is not applicable in cases where a Federal Rule applies. It is immaterial to the court's decision herein as to the characterization of the rule for commencement of an action as it applies in the State Courts of Mississippi, and whether local state law characterizes the rule as "substantive" or "procedural".[7]

The Sixth Circuit, in Lumbermen's Mutual Casualty Company v. Wright, 322 F.2d 759 (1963), said:

" \* \* \* The purpose of the Erie doctrine, even as extended in York and Ragan, was never to bottle up federal courts with 'outcome-determinative' and 'integral-relations' stoppers—when there are 'affirmative countervailing [federal] considerations' and when there is a Congressional mandate (the Rules) supported by constitutional authority." 322 F. 2d at 764.

The court is of the opinion that the action herein was commenced by federal standards within the one-year period of the statute, and that defendant's motion to dismiss is not well taken and should be overruled.

---

4. 28 U.S.C.A. § 2072, Rules of Civil Procedure:
   "The Supreme Court shall have the power to prescribe, by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts and the courts of appeals of the United States in civil actions. \* \* \*
   
   Such rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury as at common law and as declared by the Seventh Amendment to the Constitution. \* \* \*"

5. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

6. 380 U.S. at 472, 85 S.Ct. 1136, 14 L.Ed. 2d at 17.

7. Guaranty Trust Co. v. York, 326 U.S. 99, at 109, 65 S.Ct. 1464, 89 L.Ed. 2079, at 2086; Eyerly Aircraft Co. v. Killian, 414 F.2d 591, 603 (5 Cir. 1969).