Cyril **KROUT** and Ida Krout, husband and wife, Plaintiffs,

v.

George L. **BRIDGES** and Hazel J. Bridges, husband and wife, Defendants.

No. 72–C–520–EC.

United States District Court,
N. D. Iowa, E. D.

Feb. 1, 1973.

Charles F. Hinton, Waterloo, Iowa, for plaintiffs.

George Lindeman, Waterloo, Iowa, for defendants.

ORDER

McMANUS, Chief Judge.

This matter is before the court on defendants' resisted motion for summary judgment filed October 30, 1972.

This action for personal injuries and medical expenses arose out of the alleged attack by defendants' dog on plaintiff Ida Krout in Waterloo, Iowa on August 11, 1970.

For purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a), it appears from the record that plaintiffs are citizens and residents of Kent, England, that defendants are citizens and residents of Minnesota, and that the amount in controversy is in excess of $10,000.

Plaintiffs' complaint was filed on July 25, 1972, and defendants were personally served in Minnesota on July 31, 1972. On October 16, 1972, this court granted defendants' unresisted motion to quash the summons served on them on July 31, 1972, on the ground that plaintiffs admittedly had not complied with § 617.3 of Iowa's Long Arm Statute as required by Rules 4(d)(7) and (e), F.R.Civ.P. Service on defendants was attempted a second time on September 13, 1972 under § 617.3 of the Iowa Code (1973) and Rules 4(d)(7) and (e) F.R.C.P.

■ ■ Since this is a diversity case based upon a state created cause of action, Iowa's two-year statute of limitations for bringing claims for personal injuries applies. *See* § 614.1(3) Iowa Code (1973); Groninger v. Davison, 364 F.2d 638 (8th Cir. 1966). The specific question presented by plaintiffs' motion is whether the statute of limitations was tolled by the filing of the complaint pursuant to Rule 3, F.R.C.P., or whether it was necessary for plaintiffs to comply with the service of process requirements of § 617.3 of the Iowa Code in order to toll the statute.

The Supreme Court, when presented this question in Ragan v. Merchants Transfer Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), relied on Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), in holding that the filing of the complaint in a diversity case does not toll the statute of limitations since the manner of tolling the statute is a substantive rather than a procedural matter.

Although *Ragan* would appear to govern the present case, the Court's decision in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), holding that in diversity cases service of process is to be made in the manner set forth in Rule 4(d)(1), F.R.C.P., rather than in the manner prescribed by state law, has created considerable uncertainty as to whether *Ragan* is still good law.

This uncertainty is due to the fact that while the policy enunciated in *Hanna* appears to dictate that *Ragan* is no longer valid, the Court in *Hanna* cited *Ragan* in a footnote as apparently being different from the case before the Court. As a result, there has been a split of authority as to whether *Ragan* is still valid and controlling.

Several courts, in holding that *Hanna* overruled *Ragan*, have stated that since Rule 3, F.R.C.P. specifically deals with how and when an action is commenced, *Erie* does not apply. Additionally, they have indicated that the application of Rule 3 in diversity cases would not result in forum-shopping or change the substantive rights of any parties, and would not unfairly discriminate against the citizens of the forum state. Thus, in view of the priority accorded the federal rules in *Hanna* and the view that Rule 3 is procedural rather than substantive, these courts have held that Rule 3 is the proper measure for commencement of an action. *See* Chappell v. Rouch, 448 F.2d 446, 450–451 (10th Cir. 1971);[1] Sylvestri v. Warner & Swasey Co., 398 F.2d 598, 604–606 (2nd Cir. 1968); Meredith v. Glamorene

---

1. It is interesting to note that both *Ragan* and *Chappell* involved Kansas statutes, with the statute in *Ragan* being repealed in 1963. In *Chappell*, the court referred to the old statute involved in *Ragan* by stating that "the law of Kansas as to the steps necessary to toll the running of the statute of limitations was materially different from the majority of states." The court in *Chappell* concluded by stating that "under the law of Kansas as it presently exists the statute concerning the time an action is deemed to be commenced . . . is purely procedural in nature and is not an integral part of the applicable Kansas statute of limitations. . . ."

An analysis of the relevant Iowa statutory scheme would appear to lead to the same conclusion as in *Chappell*. *See* Chs. 614 & 617 Iowa Code (1973).

Prod. Corp., 55 F.R.D. 397, 399–401 (E.D.Wisc.1972); McCrea v. Gen'l Motors Corp., 53 F.R.D. 384 (D.C.Mont.1971); Alford v. Whitsel, 52 F.R.D. 327 (N.D. Miss.1971); Wheeler v. Standard Tool & Mfg. Co., 311 F.Supp. 1177 (S.D.N.Y. 1970); Newman v. Freeman, 262 F. Supp. 106 (E.D.Pa.1966); *See also* 2 Moore's Fed'l Practice, 36–37 (Supp. 1972).

Other courts, however, have held that the Court in *Hanna* refrained from overruling *Ragan* and thus have continued to follow local law as to the method of commencing an action. *See* Groninger v. Davison, 364 F.2d 638 (8th Cir. 1966); Sylvester v. Messler, 351 F.2d 472 (6th Cir. 1965); Van Gundy v. Ellis, 246 F. Supp. 802, 804 (S.D.Iowa 1965).

Upon reviewing the decisions in *Ragan* and *Hanna*, this court is strongly inclined to agree with the view that *Ragan* is no longer good law since the method of commencing an action is basically a procedural matter which is specifically covered by Rule 3, F.R.C.P., and which should be governed by federal law in view of the importance of uniform procedures in federal courts expressed in *Hanna*. *See* Byrd v. Blue Ridge Rural Elec. Co-op., 356 U.S. 525, 539–540, 78 S.Ct. 893, 357 L.Ed.2d 953 (1958). Furthermore, although application of the federal rule may affect the outcome in a few cases as was recognized in *Hanna*, it is unlikely that application of Rule 3, F. R.C.P., will result in forum-shopping, since, as stated in Sylvestri v. Warner & Swasey Co., *supra*:

"A party first deciding to assert a claim after the expiration of the period prescribed by the [Iowa] statute of limitation will be precluded from doing so under the federal rule."

Nevertheless, although it appears to this court that Rule 3 is basically procedural and does not change the cause of action or substantive rights under Iowa law, this court is bound by stare decisis to follow the law of the Eighth Circuit which holds to the contrary. *See* Groninger v. Davison, *supra*.

It is therefore ordered

Dismissed.