Wilfred SCHINKER et al.,
Plaintiffs,

v.

RUUD MANUFACTURING COMPANY
et al., Defendants.

No. 73–C–21–CR.

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

Oct. 29, 1974.

Raymond R. Stefani, Cedar Rapids, Iowa, for defendant Union L. P. Gas Systems, Inc.

Caryl W. Garberson, Cedar Rapids, Iowa, for defendant, Ruud Mfg. Co.

Lloyd E. Humphreys, Cedar Rapids, Iowa, for plaintiff.

Donald G. Ribble, Cedar Rapids, Iowa, for defendant, Robertshaw Controls, Robertshaw-Grayson, Robertshaw-Fulton.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on resisted motions to dismiss filed on July 26, 1974 by defendants Ruud Manufacturing Co., Robertshaw Controls Company, Robertshaw-Grayson, and Robertshaw-Fulton, and on the resisted motion for summary judgment filed by defendant Union L.P. Gas Systems, Inc. on August 2, 1974.

Plaintiffs instituted this action to recover damages for personal injuries allegedly incurred when a hot water heater which they were attempting to relight exploded on April 24, 1971. The water heater was manufactured by defendant Ruud, and contained component controls produced by defendants Robertshaw Controls, Robertshaw-Grayson and Robertshaw-Fulton. Defendant Union L.P. Gas supplied the bottled natural gas used to fuel the water heater.

Plaintiffs assert that Ruud, Robertshaw Controls, Robertshaw-Grayson and Robertshaw-Fulton were negligent in de-

signing, manufacturing and inspecting the water heater and its component controls. Alternatively, plaintiffs seek recovery from these defendants on the theory of strict liability for placing an unreasonably dangerous product on the market.

Negligence in several aspects of the gas bottling procedure is asserted against defendant Union L.P. Gas. Plaintiffs also pray for recovery from this defendant in strict liability.

Each of the plaintiffs is a citizen of Iowa, and plaintiff Lee Schinker is the minor son of plaintiff Wilfred Schinker. Defendants are foreign corporations [1] with their principal places of business located in states other than Iowa. The matter in controversy exceeds $10,000, and subject matter jurisdiction is predicated on diversity. 28 U.S.C. § 1332.

Defendants Ruud, Robertshaw Controls, Robertshaw-Grayson and Robertshaw-Fulton move to dismiss under Rule 12, F.R.C.P. for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted because the action is barred by the statute of limitations. Defendant Union L.P. Gas moves for summary judgment on the sole ground that the statute of limitations precludes the claims against it.

Plaintiffs have requested oral argument on the motions, which is hereby denied. The motions are treated seriatim.

## Motions to Dismiss

Defendants Ruud and Robertshaw raise identical issues in their respective motions to dismiss, and their arguments are therefore considered together in ruling on these motions.

Lack of *in personam* jurisdiction over these corporate defendants is asserted under Rule 12(b)(2), F.R.C.P. as the first ground for dismissal. Defendant Ruud's motion also alleges insufficiency of process under Rule 12(b)(4), F.R.C.P. and defects in the service under Rule 12(b)(5), F.R.C.P. as bases for dismissal, but it is apparent that the underlying argument is the same under each asserted subdivision of Rule 12. That argument, the amenability of these defendants to personal jurisdiction under a state long arm statute, is more properly considered as a defense under Rule 12(b)(2), F.R.C.P. and will be so treated herein. *See* 5 Wright and Miller, Federal Prac. and Proc., § 1351 at 561 (1969).

Defendants were served in this action under Rules 4(d)(7) and (e), F.R.C.P. by utilizing the procedures of the Iowa "long arm" statute, § 617.3, Code of Iowa (1973).[2] The complaint was filed on April 23, 1973, and the United States Marshal filed the summonses and complaints with the Secretary of State on April 27, 1973, as directed by § 617.3.

Initially, the court notes that no question is raised in regard to compliance

---

1. Robertshaw-Grayson and Robertshaw-Fulton are operating divisions of Robertshaw Controls Company, a non-domestic corporation with its principal place of business in Richmond, Virginia. These defendants are represented by common counsel, and are treated as one defendant for purposes of the motions considered herein.

2. Section 617.3, Code of Iowa (1973), reads in part:

If a foreign corporation . . . commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this section, and, if the corporation does not have a registered agent or agents in the state of Iowa, shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such . . . tort. . . .

Service of such process or original notice shall be made (1) by filing duplicate copies of said process or original notice with said secretary of state, together with a fee of five dollars, and (2) by mailing to the defendant and to each of them if more than one, by registered or certified mail, a notification of said filing with the secretary of state, the same to be so mailed within ten days after such filing with the secretary of state. . . .

with the procedures dictated by § 617.3, or in relation to whether the defendants have maintained the "minimum contacts" with the State of Iowa to satisfy due process requirements for subjecting them to jurisdiction in the courts of Iowa.[3] Rather the question is whether the long arm statute applies to these defendants.

The applicability of a state long arm statute to a particular non-resident defendant is a question of state law. Simpkins v. Council Mfg. Corp., 332 F.2d 733 (8th Cir. 1964); Arrowsmith v. United Press International, 320 F.2d 219 (2nd Cir. 1963); Jennings v. McCall Corp., 320 F.2d 64 (8th Cir. 1963). Plaintiffs have the burden of establishing prima facie that the defendants are amenable to service under § 617.3, Code of Iowa. Sporcam, Inc. v. Greenman Bros., Inc., 340 F.Supp. 1168, 1175 (S.D.Ia.1972); Edmundson v. Miley Trailer Co., 211 N.W.2d 269, 271 (Iowa 1973). Once plaintiff has shown prima facie the requisite facts upon which jurisdiction lies, the defendant must overcome or rebut such a showing. *Edmundson, supra* at 271; Tice v. Wilmington Chemical Corp., 259 Iowa 27, 47, 141 N.W.2d 616, 143 N.W.2d 86 (Supplemental Opinion) (1966).

Here, accepting the allegations of the complaint as true, plaintiff has shown that the defendants manufactured the water heater or components thereof, and that the water heater exploded within Iowa. The Supreme Court of Iowa has held that if an injury from a defective product arises in Iowa, then the tort which allegedly has culminated in the injury is committed in Iowa within the meaning of § 617.3, Iowa Code, even if the product was originally manufactured in another state. Anderson v. National Presto Industries, 257 Iowa 911, 135 N.W.2d 639 (1965). Hence, plaintiff has made a prima facie showing of a "tort . . . committed in whole or in part in Iowa" which subjects defendants to service under § 617.3, Iowa Code.

However, it is the court's view that defendants have successfully rebutted plaintiffs' prima facie case for personal jurisdiction. The affidavits supporting defendants' motions establish that the water heater in question was manufactured in 1952, as indicated by the serial number affixed to the exterior of the water heater. The affidavits further indicate that the water heater would have been distributed to its market destination within several months after its manufacture. Necessarily, the same must be true of the component controls which were originally installed on the water heater.[4]

In a series of decisions commencing with Krueger v. Rheem Mfg. Co., 260 Iowa 678, 149 N.W.2d 142 (1967), the Iowa Supreme Court has interpreted § 617.3, Iowa Code, as being intended by the legislature to apply prospectively only. The Iowa Court has relied on the fictional concept of implied consent through active conduct to preclude the use of § 617.3 to gain jurisdiction of a party where the party's affirmative acts which plaintiff alleges created liability occurred prior to the effective date of the statute, July 4, 1963. *Rheem, supra*; Chrischilles v. Griswold, 260 Iowa 453, 150 N.W.2d 94 (1967); Snakenburg v. Jason Mfg., Inc., 261 Iowa 1083, 157 N.W.2d 110 (1968); Marshfield Homes, Inc. v. Eichmeier, 176 N.W.2d 850 (Iowa 1970); State v. Midwest Development Corp., 210 N.W.2d 526 (Iowa 1973). *See* Comment, State Jurisdiction—Long Arm Statute Requires Affirmative Acts of Negligence Occurring After Statute Took Effect, 54 Iowa L.Rev. 166 (1968–1969).

Thus, where a product is manufactured out of state and sold prior to July 4, 1963, personal jurisdiction can-

---

3. For a discussion of the latter issue, see International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Caesar's World, Inc. v. Spencer Foods, Inc., 498 F.2d 1176 (8th Cir. 1974).

4. There is no allegation in the record that the original component controls have ever been replaced on the water heater.

not be obtained over the manufacturer under § 617.3 even if the product is defective and results in injuries within Iowa subsequent to that date. *Snaken-burg, supra* 261 Iowa at 1087, 157 N.W. 2d 110; *Marshfield Homes, supra* 176 N.W.2d at 852. The result is the same whether the theory of relief is negligence or strict liability, as long as the defendant's affirmative conduct occurred prior to July 4, 1963. *Marshfield Homes, supra* at 853.

In the instant case, the defendants' actions in designing and manufacturing and their opportunities for inspecting and testing the water heater and its components probably occurred totally during 1952, and certainly transpired well before July 4, 1963. Accordingly, plaintiffs' complaint against these defendants must be dismissed because the court lacks jurisdiction over them. Bishop v. Emerson Electric Co., 284 F. Supp. 760 (S.D.Ia.1968).

Because the action must be dismissed for lack of personal jurisdiction, this court need not and does not decide whether plaintiffs' claims against these defendants would be barred by the appropriate statute of limitations.

### Motion for Summary Judgment

■ In its motion, defendant Union L.P. Gas raises the single question of whether the statute of limitations has expired on plaintiffs' claims against it. Since this is a diversity case based upon a state created cause of action to recover damages for personal injuries, the Iowa two-year statute of limitations, § 614.-1(2), Code of Iowa (1973), is applicable. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945);

Krout v. Bridges, 58 F.R.D. 560, 561 (N.D.Ia.1973).

The record discloses the following chronology of events. The explosion which allegedly resulted in plaintiffs' injuries occurred on April 24, 1971. Plaintiffs' complaint and instructions for service [5] were filed with the Clerk on April 23, 1973. On that same date, the summons was issued, and the court's docket sheet indicates that the summons, complaint and instructions for service were forwarded to the United States Marshal for service. The Marshal received the process papers on April 25, 1973. On May 1, 1973 defendant Union's agent for process was personally served by the Marshal in Des Moines.

A controlling issue to be decided is whether the Iowa statute of limitations was tolled by filing the complaint in accordance with Rule 3, F.R.C.P. or whether it was necessary for plaintiffs to comply with the Iowa Rules of Civil Procedure.[6] Since the time period under § 614.1(2) expired on April 24, 1973, it is apparent that the former result would preserve plaintiffs' cause of action. Arguably, if compliance with state procedures were mandatory, the statute of limitations was not tolled. Even if the United States Marshal is considered to be the federal counterpart to the proper county sheriff, receipt of process by the Marshal for service was one day late under the "delivery" requirement of Iowa Rule 49, and certainly service on the defendant's agent under Iowa Rule 48 was too late to prevent running of the statute.

The Supreme Court decided the question presented here adversely to plaintiffs in Ragan v. Merchants Transfer

---

5. United States Marshal Service Form 285.

6. Rule 48, Iowa Rules of Civil Procedure provides:
 Commencing Actions. A civil action is commenced by serving the defendant with an original notice.
 Rule 49, Iowa Rules of Civil Procedure provides:
 Tolling limitations. For the purpose of determining whether an action has been com-

menced within the time allowed by statutes for limitation of actions, whether the limitation inheres in the statutes creating the remedy or not, the delivery of the original notice to the sheriff of the proper county with the intent that it be served immediately (which intent shall be presumed unless the contrary appears) shall also be deemed a commencement of the action.

Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L. Ed. 1520 (1949). The Court relied on the doctrine of Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, in holding that a cause of action created by local law is temporally measured by local law, and thus the manner of tolling the statute of limitations must be considered substantive rather than procedural. 337 U.S. at 533, 69 S.Ct. 1233.

The *Ragan* decision was subsequently undermined by the Supreme Court's ruling in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), that service of process in diversity cases is permissible if made in accordance with Rule 4(d)(1), F.R.C.P. rather than in a manner prescribed by state law. The import of *Hanna* is that matters specifically delineated by a federal rule validly enacted under the Court's rulemaking power are to be governed by the rule and only rarely, if ever, displaced by the principles enunciated in *Erie*.

Utilizing this rationale, several federal courts have held that since Rule 3, F. R.C.P. prescribes the commencement of actions in federal courts, compliance with this rule by filing the complaint tolls a state statute of limitations even though the state requires a different procedure. *E. g.,* Smith v. Peters, 482 F.2d 799 (6th Cir. 1973); Sylvestri v. Warner & Swasey Co., 398 F.2d 598 (2nd Cir. 1968), aff'g 244 F.Supp. 524 (S.D.N.Y.1965); Alford v. Whitsel, 52 F.R.D. 327 (N.D.Miss.1971); Elizabethtown Trust Co. v. Konschak, 267 F.Supp. 46 (E.D.Pa.1967). *See* 2 Moore's Federal Practice, 44–45 (Supp.1973).

However, a bothersome footnote in *Hanna* [7] has primarily led other federal courts to conclude that *Hanna* did not overrule *Ragan,* and hence the state procedure must be followed to effectively toll a statute of limitations. *E. g.,* Groninger v. Davison, 364 F.2d 638 (8th Cir. 1966) (Iowa law); O'Shea v. Binswanger, 42 F.R.D. 21 (D.Md.1967); Kaiser v. Mayo Clinic, 260 F.Supp. 900 (D.Minn.), aff'd 383 F.2d 653 (8th Cir. 1967).

The most recent pronouncement from the Court of Appeals for the Eighth Circuit ameliorates the harsh rule of *Ragan* by distinguishing state statutory schemes where the commencement provision is not an integral part of the statute of limitations. Prashar v. Volkswagen of America, Inc., 480 F.2d 947 (8th Cir. 1973), cert. denied 415 U.S. 994, 94 S.Ct. 1596, 39 L.Ed.2d 891 (1974). The court held that the South Dakota commencement statute [8] is general in nature

---

7. The Court attempted to distinguish *Ragan* on the grounds that application of the state rule for tolling the statute of limitations totally barred the plaintiff's action in *Ragan,* whereas in *Hanna* adherence to the state rule would only have required a different method of serving process. 380 U.S. at 469 n. 10, 85 S.Ct. 1136. The distinction is questionable because the state rules in both cases required taking steps after filing the complaint not mandated by the federal rules, and which if not followed, could be outcome-determinative in the sense of dictating defeat for the plaintiff.

8. The South Dakota statutes interpreted in *Prashar* provide:

15–6–3—Commencement of Action. A civil action is commenced as provided in §§ 15–2–30 and 15–2–31.

. . . . .

15–2–30. Commencement of action by service of summons—Summons on codefendant.—An action is commenced as to each defendant when the summons is served on him, or on a codefendant who is a joint contractor or otherwise united in interest with him.

15–2–31. Attempted commencement of action by delivery of summons to sheriff —Publication or service following attempt. —An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.

and affects only the mode of enforcing state-created rights. Since it is not specifically intertwined with the rights flowing from the statute of limitations, it is merely procedural, and *Hanna* requires that compliance with Rule 3, F. R.C.P. tolls the state statute of limitations. 480 F.2d at 952–954. *See* Chappell v. Rouch, 448 F.2d 446 (10th Cir. 1971) (similar approach to Kansas statutes which were amended post-*Ragan*).

However, the *Prashar* court reaffirmed its position that *Hanna* did not overrule *Ragan*, and cited Groninger v. Davison, *supra*, with approval. 480 F.2d at 950 n. 5. Nonetheless, an analysis of the court's rationale suggests that the same conclusions could flow from a review of the Iowa statutes and rules.

It is argued that the South Dakota commencement statute is general because it does not by its terms refer to tolling the statute of limitations and it does in fact affect other statutes such as taking of depositions and garnishment. 480 F.2d at 951 n. 10. Rule 48 of the Iowa Rules of Civil Procedure, *supra* note 6, speaks only of commencing an action, does not refer to the statute of limitations and affects other statutes such as attachment under §§ 639.1 & 639.2, Code of Iowa. Thus Rule 48 would seem to fall in the category of a general commencement statute.

Rule 49, Iowa Rules of Civil Procedure, *supra* note 6, does specifically deal with commencement for purposes of tolling the statute of limitations. But it benefits plaintiffs in the Iowa courts by providing an *alternative* commencement at the time of delivery of the original notice to the sheriff which thereby stops the running of the statute earlier than if service upon the defendant were required under Rule 48.

Yet that same provision which is intended to moderate the effect of the statute of limitations when ministerial delays prevent prompt service on defendants in a state court action will ironically have the opposite effect on cases filed in federal court if construed as declarative of a state policy to make the "mode of enforcing a state-created right intrinsically material to the right involved." *Prashar, supra* at 953. The latter characterization of Iowa policy as embodied in Rule 49 is consistent with the prior ruling in *Groninger,* which required that the local rule must govern commencement for purposes of tolling the statute of limitations.

But such an interpretation of the Iowa statutory scheme seems inconsistent with *Prashar,* which suggests that Rule 48 is general and therefore procedural and superseded in federal court by Rule 3, F.R.C.P. Rule 49 is only a liberalization of Rule 48 to prevent injustice to plaintiffs in state court from practical delays in serving defendants, and should not be construed as evincing a state policy that the method of tolling the statute of limitations is an integral part of the rights which flow therefrom. Rules 48 and 49 must be viewed together when considering whether the Iowa statutory plan contains a general commencement provision. To do otherwise gives Rule 49 an import in actions filed in federal court which is antithetical to the policy of mitigating against the effects of administrative delays which it serves in the Iowa system of procedural rules.

As noted in *Prashar,* the twin aims of the *Erie* doctrine were to (1) discourage forum shopping and (2) avoid inequitable administration of the laws. 480 F. 2d at 951–952. In that case, the additional requirement under state law of delivering a summons to the sheriff of the proper county was held an insufficient difference to stimulate forum shopping. 480 F.2d at 952. And the court also found no equal protection problems of the *Erie* sort between residents and non-residents where the state commencement statute being superseded by Rule 3, F.R.C.P. was a general procedural type. 480 F.2d at 953.

Based on the foregoing reasons, this court is strongly inclined to hold that filing the complaint pursuant to

Rule 3, F.R.C.P. tolled the Iowa statute of limitations. The method of commencing an action is basically a procedural matter which should be governed by the federal rules wherever applicable to facilitate uniformity. *See Hanna, supra* at 463, 85 S.Ct. 1136; Krout v. Bridges, *supra* 58 F.R.D. at 562.

 Despite this court's aforesaid inclinations, stare decisis might compel it to follow the contrary law declared in Groninger v. Davison, *supra,* since the laudatory attempt to limit *Ragan* in *Prashar* did not extend to explicitly overruling *Groninger.* But resolution of this controversy is not essential in the present case because the court finds that plaintiff effectively complied with Rule 49, Iowa Rules of Civil Procedure, on the facts here.

Plaintiff filed the complaint with the Clerk in Cedar Rapids one day before the statute of limitations was to expire. Upon filing the complaint, Rule 4(a), F.R.C.P. places upon the Clerk the duty to "forthwith issue a summons and deliver it for service to the marshal." Where as here, a complaint and copies thereof are filed and the necessary instructions for service form is completed, plaintiff has done all the usual and customary steps to get process in the hands of the Marshal. Indeed, the Clerk's staff issued the summons and placed the documents in the mail on the same day for delivery to the United States Marshal's office in Dubuque, Iowa.

Since the Department of Justice has not seen fit to locate the Marshal's central office for this district in Cedar Rapids, and on the occasion involved here had neglected to replace a personnel vacancy in the local office, plaintiff should not suffer for consequential delays which resulted from the necessity of mailing process to the Marshal. It is the opinion of this court that the actions of plaintiff and the Clerk constituted "delivery" to the Marshal within the meaning of Rule 49, Iowa Rules of Civil Procedure, on April 23, 1973.

Assuming arguendo that Rule 49 does confer on the parties substantive rights which are entangled with the rights granted by the statute of limitations, defendant in this case has fully enjoyed those rights. Rules 48 and 49 insure that a party who has the right to be immune from stale suits under the statute of limitations will get reasonably prompt notice of a claim filed within the period of the statute.

Thus under Rule 48, the defendant gets actual service prior to the end of the statutory term, and Rule 49 requires that at least the sheriff have process in hand with intent to deliver before the statute runs. Plaintiff has the responsibility in the Iowa courts under Rule 49 to make sure that delivery of process is made to the sheriff within the statutory time limits, and the Iowa decisions require actual in hand receipt by the sheriff or other official. McArtor v. Pete's Cafe, 175 N.W.2d 369, 373 (Iowa 1970). *See* Consumers' Independent Lumber Co. v. Rozema, 212 Iowa 696, 698–699, 237 N.W. 433 (1931); Leisure Lumber Co. v. Mutual Fire Ins. Co., 101 Iowa 514, 520, 70 N.W. 761 (1907).

Defendant is entitled to have plaintiff, at minimum, get process to the sheriff with intent to serve during the statutory period of limitations. On the other hand, plaintiff can rely on his own actions and need not be concerned that administrative delays in actual service of process will destroy his claim.

In the instant case, defendant has been treated in a fashion which provided it with all the rights embraced under Rule 49, Iowa Rules of Civil Procedure, giving due regard to the differing responsibility in federal courts for the clerk to place process in the hands of the server. Rule 4(a), F.R.C.P. Every reasonable step was taken by plaintiff to facilitate getting the summons to the process server short of hand delivery itself, which is not typically available in federal practice. Together with the additional steps of issuing the summons and placing the documents in the mail by the Clerk, these actions must be considered as "delivery" to the Marshal within the meaning of Iowa Rule 49.

Literal compliance with Rule 49 is not possible since only a United States Marshal and not a county sheriff can serve process, and the procedures followed here on April 23, 1973 satisfied defendant's rights under Rule 49 to have all feasible measures for getting process to the server taken within the limitations period. A contrary holding would penalize plaintiff for institutional delays beyond his control. *See* Meredith v. Glamorene Products Corp., 55 F.R.D. 397 (E.D.Wis.1972).

Finally, the court notes that in any case the personal claim of Lee Schinker, a minor of age 9 at the time of the explosion, is extended under § 614.8, Code of Iowa (1973) until one year after he reaches majority. This claim may be maintained by Wilfred Schinker as next friend. Rule 17(c), F.R.C.P.

It is therefore

Ordered

1. Motions to dismiss granted

2. Motion for summary judgment denied.