**ELIZABETHTOWN TRUST COMPANY,**
Administrator of the Estate of Dorothy E. Parthemore, deceased

v.

Robert L. KONSCHAK.

Civ. A. No. 30338.

United States District Court
E. D. Pennsylvania.

May 5, 1967.

---

John F. Naulty, Philadelphia, Pa., for plaintiff.

James J. McCabe, Jr., Philadelphia, Pa., for defendant.

## OPINION

FULLAM, District Judge.

Plaintiff brought this action for damages under the Pennsylvania wrongful death and survival statutes. The accident occurred on October 15, 1960, and the complaint was filed on September 29, 1961. Service was attempted under the provisions of the applicable Pennsylvania statute (75 P.S. § 2001 et seq.). Process was duly served by registered mail upon the Secretary of the Commonwealth, but the copy of the summons and complaint required by the statute to be mailed to the last known address of the defendant was erroneously mailed to an address in Millville, Pennsylvania, whereas the defendant actually resided in Mill-ville, New Jersey. The Marshal's return of service notes that the latter notice was returned marked "unclaimed—unknown", and the file indicates that plaintiff's counsel was so notified on November 2, 1961.

On December 17, 1962, plaintiff caused a default judgment to be entered against the defendant for failure to appear, plead or otherwise defend, and the case was listed for trial on the issue of damages only.

It should also be mentioned that the defendant in this action had previously instituted two other actions in this court against this plaintiff, one for his own personal injuries, and the other on behalf of the estate of his deceased wife, both arising out of the same accident which is involved in the present action. In those companion cases, present counsel for the plaintiff represented his client as defendant. However, it has been made to appear by the uncontradicted affidavit of counsel representing the present defendant as plaintiff in the other cases that he first learned of the present action at the pre-trial conference in the companion cases, which conference was held on September 17, 1964; and that he did not, and never has, represented Robert L. Konschak as defendant in the present action or any other action. It also appears that the first formal notice to counsel for the liability carrier of the defendant in the present action, advising of the pendency of this law suit and also of the fact that a default judgment had been taken in 1962, was given by letter of plaintiff's counsel on May 2, 1966.

On October 5, 1966, upon motion of the defendant, after argument, I entered an order setting aside the default judgment and quashing the original defective service of the summons. On October 26, 1966, plaintiff caused a new summons to issue, and service was ultimately made upon the defendant on November 10, 1966. Thereafter, the defendant filed the present motion to quash the service of process, and to dismiss the action with prejudice, under Rule 12(b), Fed.R.Civ.P.

48

■ Under Pennsylvania law, the period of limitations for a wrongful death action is one year (12 P.S. § 1603), and for a survival action is two years (12 P.S. § 34); and a plaintiff who files his complaint within the statutory period has a like period after filing the complaint within which to perfect service or take some further affirmative action to keep the process alive. Marucci v. Lippmann, 406 Pa. 283, 177 A.2d 616 (1962); Pa.R.Civ.P. 1007, 12 P.S. Appendix. Under the federal rules, the filing of a complaint is sufficient to toll the statute of limitations, Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gas Co., 347 F.2d 921 (8th Cir. 1965); Fed.R.Civ.P. 3, 4, 28 U.S.C.; and these rules are applicable in diversity cases. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); Perrine v. Heishman, 253 F.Supp. 68 (M.D.Pa. 1966).

■ Nevertheless, a plaintiff must exercise due diligence to perfect service after the filing of the complaint; and the question of due diligence is one for the court to decide on an *ad hoc* basis. Pepsi-Cola Company v. Dr. Pepper Company, 214 F.Supp. 377 (W.D.Pa.1963).

It has been held that failure to perfect service until six months after the statute of limitations expired and nine months after the filing of the complaint constitutes a lack of due diligence. Schram v. Holmes, 4 F.R.D. 119 (D.Mich. 1943). In Hoffman v. Wair, 193 F.Supp. 727 (D.Ore.1961) service two years after the filing of the complaint was held to be too late. And in Richardson v. United White Shipping Co., 38 F.R.D. 494 (N.D. Cal.1965) it was held that service perfected 28 months after the filing of the action came too late.

■ The service presently involved was made more than six years after the accident, more than five years after the filing of the complaint, and more than five and four years after the expiration of the respective limitations periods. Counsel for the plaintiff was notified in November of 1961 that the attempted notice to the defendant had not actually been delivered. The Marshal's return shows on its face that the notice was mailed to a Pennsylvania address, but it seems that counsel did not check the Marshal's return, even when causing a default judgment to be entered in reliance thereon. At both arguments before me, it was suggested to plaintiff's counsel that the court would receive and make part of the record whatever evidence he could produce which would in any way indicate or suggest that the defendant's liability carrier or anyone in its behalf was aware of the pendency of this action or of the existence of plaintiff's claim, at any time prior to counsel's letter of May 2, 1966. No such evidence has been produced.

Under all of the circumstances, there is no justification whatever for permitting the belated completion of service of process. The motion to quash, and the motion to dismiss, will be granted.

Because the attempted service comes too late under any view, it is unnecessary to consider whether the plaintiff's claim is also barred because it was not asserted as a counterclaim in the earlier actions. Fed.R.Civ.P. 13(a). Plaintiff has argued that he should now be permitted to assert this cause of action as a counterclaim in the companion cases referred to above. That issue has not been raised and is not properly before this court, and will therefore not now be decided. However, there is some indication in the record that those cases have been settled.