Sara Reed **SMITH**, Plaintiff,

v.

**SEABOARD COAST LINE RAILROAD COMPANY, and Mari H. Maggart, as Administratrix of the Estate of Winston Marion Maggart, Deceased, Defendants.**

**Civ. A. No. 70–943.**

United States District Court,
D. South Carolina,
Charleston Division.

May 18, 1971.

James C. Sanders, Beaufort, S. C., for plaintiff.

A. Baron Holmes, III, Holmes & Thompson, Charleston, S. C., for Seaboard Coast Line RR Co.

Ladson F. Howell, Colden R. Battey, Jr., Beaufort, S. C., for defendant Mari H. Maggart.

## ORDER

SIMONS, District Judge.

This matter is before the court on plaintiff's Motion to Remand the above entitled action to the Court of Common Pleas for Beaufort County, South Carolina, on the ground that the requisite diversity of citizenship was lacking when this action was commenced.

The facts are not in dispute. Plaintiff, a South Carolina resident, commenced this action on February 7, 1969, by the service of Summons (Complaint Not Served) on the defendant, Jesse A. Smith, a South Carolina resident who had been appointed Temporary Administrator of the Estate of Winston Marion Maggart, deceased, upon the Petition of plaintiff under the provisions of Section 10–212 of the South Carolina[1] Code of Laws. The defendant Seaboard Coast Line Railroad Company was likewise served on February 10, 1969. On February 28, 1969, upon a Petition (made pursuant to Section 10–213 of the South Carolina Code of Laws[2]) by Mari H. Maggart, a resident of the State of Michigan and the wife of the said Winston Marion Maggart, deceased, the Probate Court for Beaufort County, South Carolina, appointed the said Mari H. Maggart Administratrix of

---

1. § 10–212. **Local representative of deceased nonresident motor vehicle operator.**—In the event a nonresident who shall have operated a motor vehicle on the public highways or streets of any incorporated municipality of this State causing injuries or death shall have died, any person who may have an interest therein may apply to the probate court of the county of residence of such party so interested or of the county in which such wrong may have been inflicted for the appointment of a personal representative of such deceased wrongdoer and, upon such appointment, action may be commenced against such personal representative of such nonresident deceased and service of such process shall be made upon such personal representative and a copy of such process mailed to the address of such deceased person as provided in § 10–431.

2. § 10–213. **Same; substitution of other representative; other proceedings.**—The foreign personal representative of any such deceased wrongdoer or any other person interested in defending such action may within sixty days after service as provided in § 10–431 apply to the court in which such action may be pending for an order staying such action for a reasonable period of not exceeding sixty days and during such time may apply to the probate court and procure the appointment of some other suitable person to act as personal representative of such deceased person. Upon such appointment such personal representative shall be forthwith made a party defendant on motion of plaintiff without further service of process. If no such application for a stay be made the personal representative so originally appointed shall answer such process within sixty days from the date of such service upon him or be adjudged in default.

**538**

the Estate of Winston Marion Maggart, deceased, in substitution of the said Jesse A. Smith.[3] Plaintiff's Complaint was served on Mari H. Maggart, Administratrix of the Estate of Winston Marion Maggart, deceased, and Seaboard Coast Line Railroad Company October 12, 1970, and they removed the cause to this court October 28, 1970.

At the outset it should be noted that counsel for both sides recognize the generally accepted principle that ordinarily jurisdiction must exist both at the commencement of the action and at the time the Petition for Removal is filed in order for a federal court to have proper diversity jurisdiction of the action. Said counsel also acknowledge the related principles that the residency of an administrator normally controls for diversity jurisdictional purposes and nominal parties may be disregarded in determining whether or not jurisdiction exists. However, persuasive arguments have been advanced by counsel for all of the parties herein to show the applicability or inapplicability of the above principles to the facts now before the court.

Generally, the court is confronted with the question of whether or not in a civil action "commenced" in a South Carolina state court by service of Summons (Complaint Not Served) upon a duly appointed temporary administrator, where said temporary administrator and plaintiff are both citizens of South Carolina, a subsequent appointment and substitution of a non-resident administratrix as a party defendant has the effect of relating back to the date of the commencement of the action so that the action can properly be removed from the state court to a federal court. As stated however, this question presupposes that this court has determined that state law governs the question of "when is a civil action commenced *for the purpose* of de-

termining diversity of citizenship in connection with a Petition for Removal to a federal court." Such is not the case.

This court must necessarily determine whether state or federal law controls the question of when this civil action was commenced inasmuch as there is a direct conflict between the South Carolina rule and the federal rule. Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." Section 10–401 of the 1962 South Carolina Code of Laws, however, states that "[c]ivil actions in the courts of record of this State shall be commenced by service of a summons." In attempting to resolve this federal state conflict this court must "undertake the following analysis:

1. If the state provision, whether legislatively adopted or judicially declared, is the substantive right or obligation at issue, it is constitutionally controlling.

2. If the state provision is a procedure intimately bound up with the state right or obligation, it is likewise constitutionally controlling.

3. If the state procedural provision is not intimately bound up with the right being enforced but its application would substantially affect the outcome of the litigation, the federal diversity court must still apply it unless there are affirmative countervailing federal considerations. This is not deemed a constitutional requirement but one dictated by comity." Szanty v. Beech Aircraft Corporation, 349 F.2d 60, 63–64 (4 Cir. 1965), (footnotes omitted).

■ It is obvious that the South Carolina rule that civil actions are commenced by the service of Summons is not the substantive right or obligation here at issue; nor is this procedure intimately bound up with said state right or

---

3. Previously, on October 1, 1968, Mari H. Maggart was duly appointed sole administratrix of her deceased husband's estate in Michigan wherein, at the time of his demise, all of his real and personal prop-

erty were situated. Since her appointment in South Carolina Mari H. Maggart has been the sole administratrix of the decedent's estate both in Michigan and South Carolina.

obligation. The court thinks that, for the purpose of the present Motion, the third part of the requisite analysis patently reveals the inappropriateness of applying this state procedural rule to the facts of this case, but, in an attempt to resolve any doubt, will discuss this test in detail.

Without being presumptuous, the court believes that the parties to this controversy will receive an impartial adjudication of their rights and liabilities in either this court or in the South Carolina Court of Common Pleas for Beaufort County, South Carolina. That is, the non-application of this state procedural rule so as to protect the defendants' right of removal to this court will not substantially affect the outcome of this litigation. However, even if it is assumed that removal of this controversy to this court will substantially affect the outcome of this litigation this court must also determine that there are no countervailing federal considerations before it would be justified in applying the state procedural rule in question. This the court cannot do.

The fact that removal of a diversity action is a federal right and, hence the existence thereof should be determined by federal law, would seem to be the controlling principle here. Even if this court were to agree with plaintiff's contention that the aforesaid Rule 3 of the Federal Rules of Civil Procedure applies only to actions properly within the jurisdiction of a federal court,[4] it would also have to agree that the procedural right of removal promulgated by the United States Congress should be constricted before it would be justified in adopting the state procedural rule in question for the purpose of determining when diversity jurisdiction exists.

Congress provided in 28 U.S.C.A. § 1446(b) that:

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

 Congress was obviously aware of the service of Summons (Complaint Not Served) method of instituting a lawsuit when it enacted this provision; and it is likewise clear to this court that Congress intended that such a procedure should not be permitted to dilute the Congressionally promulgated right of removal.[5] While § 1446 provides that a defendant so served has thirty days thereafter within which to file his petition for removal it also insures that, within that time period, such a defendant will be sufficiently apprised of the nature of the controversy so that he will know whether or not it meets the diversity requirements. That is, a defendant so served has to file his petition within thirty days only "if such initial pleading has then, [at the time of service], been filed in court." Thus, ab-

---

4. This argument, it seems to the court, is not very persuasive inasmuch as it merely begs the question of what law determines when an action is properly within the jurisdiction of a federal court.

5. 28 U.S.C.A. § 1441.

sent actual receipt of the Complaint, a defendant so served could with due diligence ascertain the nature of the controversy by reviewing the Complaint filed with the court. In the present case the Complaint was not filed with the court until it was also served upon the defendants herein, Seaboard Coast Line Railroad Company and Mari H. Maggart. Needless to say, until receipt of same these defendants did not know, nor could they have discovered with due diligence, whether or not the controversy was one that they would be entitled to remove to a federal district court. It was at this point in time, it seems to the court, that the action was commenced for the purpose of determining whether or not the requisite diversity jurisdiction exists.

Therefore, the court does not deem it necessary to the resolution of the present Motion to consider whether or not a temporary administrator, as was appointed here, is a nominal party that should be disregarded for diversity purposes; and, for the reasons given above, thinks plaintiff's Motion to Remand should be denied.

And it is so ordered.