Robert CHLADEK

v.

STERNS TRANSPORTATION COMPANY.

WHITE MOTOR CORPORATION

and

Independent Filter Press Co., Inc. also t/a Liquidyne, Inc.

v.

CAROLINA FREIGHT CARRIERS CORP.

Civ. A. No. 76–311.

United States District Court, E. D. Pennsylvania.

Feb. 21, 1977.

Leonard Zack, Philadelphia, Pa., for plaintiff.

Edward B. Joseph, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

FOGEL, District Judge.

Defendant, Independent Filter Press Co., Inc., (Independent), requests judgment on the pleadings, pursuant to F.R.Civ.P. 12(c), or summary judgment, pursuant to F.R. Civ.P. 56(b), as to claims asserted against Independent by the plaintiff, Robert Chladek. Independent advances only one argument in support of its motion; namely, that plaintiff's suit is barred by the applicable statute of limitations, 12 P.S. § 34, since no complaint against Independent was filed within two years of plaintiff's alleged injury.

The precise question we face, one that has not been decided by the Third Circuit, is as follows: *Are plaintiff's claims against an additional defendant barred by the statute of limitations in this diversity suit, because of his·failure to file an amended complaint naming that additional defendant until after the limitations period had run, even though he had, prior to the expiration of the statutory period, applied for and been granted leave of court to amend an original timely complaint?*

We are satisfied, after consideration of the record before us, that there is no genuine issue as to those facts which are material to the disposition of Independent's motion for judgment; thus, the validity of the limitations defense raised by defendant Independent can be decided as a matter of law, under F.R.Civ.P. 56(b). We hold that plaintiff failed to commence his action against the additional defendant, Independent, within the two-year limitations period set forth in 12 P.S. § 34, and that plaintiff's claims against Independent are therefore barred by that statute of limitations. Accordingly, we will direct the entry of summary judgment in Independent's favor. Our reasons follow:

### I. Factual Background·

Jurisdiction is based solely on diversity of citizenship under 28 U.S.C. § 1332; no federal question is presented. Plaintiff's cause of action arises as a result of injuries allegedly sustained when he used a forklift to unload a shipment of steel bars. The original Complaint was filed on February 3, 1976, against two defendants: Sterns Transportation Company, (Sterns), which is alleged to have prepared the steel bars for shipment, and White Motor Corporation, (White), which plaintiff avers manufactured the forklift. During the course of certain pretrial depositions, plaintiff's discovery led him to conclude that Indepen-

dent was the manufacture and shipper of the steel bars in question. Plaintiff then took certain steps to join Independent as an additional defendant. The issue before us is the sufficiency of those steps to commence an action against Independent, before the expiration of the statute of limitations period.

The record reveals that there is no genuine dispute as to the following pertinent material facts: (1) plaintiff was injured on August 26, 1974; (2) plaintiff's original Complaint was filed February 3, 1976; it named Sterns and White as defendants, but did not name Independent as a defendant; (3) on June 30, 1976, plaintiff filed a "Motion for Leave of Court to Amend Complaint";[1] (4) attached to the plaintiff's motion of June 30, 1976, was a copy of the original Complaint, a memorandum of law, and a form of proposed order; (5) the motion of June 30, 1976, was *not* accompanied by a copy of the Amended Complaint which plaintiff proposed to file; (6) by our Order of July 21, 1976, we granted plaintiff's motion;[2] (7) on August 24, 1976, the clerk issued a summons, directed to Independent, although no Amended Complaint, naming Independent as a defendant, had been filed as of that date;[3] (8) attached to the summons of August 24, 1976, were copies of the plaintiff's Motion for Leave to Amend, the original Complaint, and our Order of July 21, 1976; there was not a copy of any proposed Amended Complaint, since none had been filed; (9) the summons of August 24, 1976, together with its attachments, was served upon Independent on October 6, 1976; (10) the Amended Complaint, in which Independent was first named as a party defendant, was not filed until November 2, 1976; the Amended Complaint was then served upon Independent on November 5, 1976.

Given this factual situation, we must decide when plaintiff brought his action against Independent, and whether that date was prior, or subsequent, to the expiration of the limitations period.

There is no dispute with respect to the fact that the applicable Pennsylvania statute of limitations, 12 P.S. § 34, dictates that plaintiff must bring an action of this type within two years of the date of injury, August 24, 1974.[4] However, plaintiff and

---

1. Specifically, plaintiff sought our leave to amend his complaint so as to join Independent as an additional defendant. This motion was filed pursuant to F.R.Civ.P. 15(a), which governs the amendment of pleadings, and which requires a plaintiff to seek leave of court if more than 20 days have passed since the filing of an answer by the named defendants. In his motion, plaintiff alleged that since the filing of the original Complaint he had learned that Independent had manufactured the steel bars and had placed them in transit; the motion further averred that plaintiff believed Independent to have been negligent, and therefore liable to plaintiff as a potential joint tortfeasor.

2. The Order which we issued, in response to plaintiff's Motion for Leave to Amend Complaint, provided that Independent, "shall be joined as an additional defendant and the clerk is directed to issue process." We signed the Order in the form which had been submitted by plaintiff, at the time he filed his motion. The undisputed effect of this Order was to give Court approval to the anticipated joinder of Independent as a party defendant. No question has been raised as to the propriety of our grant of plaintiff's request; the motion was unopposed by either of the original defendants, and the Federal Rules provide that, "leave [to

amend] shall be freely given when justice so requires." F.R.Civ.P. 15(a). There has been no suggestion by plaintiff that the language of our Order was misleading, nor that the Order, standing alone, constituted a sufficient joinder of Independent to toll the statute of limitations.

3. We are uncertain as to why, or under what precise factual circumstances, the summons was issued, prior to the filing of the Amended Complaint. F.R.Civ.P. 4(a) provides that a summons shall issue *upon the filing of the complaint.* This uncertainty does not, however, preclude our resolution of defendant's motion for summary judgment. Plaintiff has not challenged the propriety of the clerk's issuance of the summons on August 24, 1976; and, in any event, we do not believe that the possibility that the summons may have issued prematurely, or improperly, is material to our determination as to when the action was "commenced".

4. 12 P.S. § 34 provides, in relevant part: "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; . . . ."

defendant clash as to the date upon which the action against Independent was actually "commenced"; it is this dispute which we must resolve.

## II. Determination with respect to whether federal or state procedural rules govern the "commencement" issue

■ *The critical threshold question is whether federal or state court procedural rules control with respect to the timeliness of plaintiff's commencement of his action against Independent.* Plaintiff contends that, under the Pennsylvania Rules of Civil Procedure, his action against Independent was timely initiated by the issuance of the summons on August 24, 1976, two days before the statutory period expired; defendant argues, conversely for application of the Federal Rules of Civil Procedure, and asserts that the action against it was not commenced until the filing of the Amended Complaint on November 2, 1976, well after the expiration of the limitations period.

### A. Distinction between Pennsylvania and federal practice

The limitations statute, 12 P.S. § 34, does not in and of itself contain any provision which defines the time at which an action can be considered as having been "brought". We must look to Rule 1007 of the Pennsylvania Rules of Civil Procedure for guidance as to the state procedures which govern commencement of a civil action.[5] Rule 1007 permits the "commencement" of an action in state court by the filing with the prothonotary of a praecipe for a writ of summons. Under Pennsylvania procedure, the mere filing of such a praecipe is sufficient to toll the running of the statute of limitations. *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976). The Pennsylvania Supreme Court recently stated that the underlying purpose of Pa.R.C.P. 1007 is to provide certainty with respect to the commencement of an action, thus freeing plaintiff from the risk that the statute of limitations may bar him if he acts in time,

but someone else, (i. e., the prothonotary or the sheriff) fails to take timely action. *Lamp v. Heyman, supra.* In addition, *Lamp* holds that a praecipe for writ of summons will effectively toll the statute of limitations only if the plaintiff does not engage in any course of conduct which delays or prevents service upon the defendant.

The Federal Rules of Civil Procedure contain no provision which tracks the Pennsylvania summons practice. *To the contrary, F.R.Civ.P. 3 specifically outlines the following means of commencement of an action: "A civil action is commenced by filing a complaint with the court."* (Emphasis supplied).

*Under federal practice, a "summons" is a form of process, issued by the clerk "upon the filing of the complaint", and served "together" with the complaint, upon the defendant. F.R.Civ.P. 4(a), (d). Under the federal rules, the critical document which tolls the statute of limitations is the complaint.* Benn v. Linden Crane Company, 370 F.Supp. 1269, 1279 (E.D.Pa.1973); *Elizabethtown Trust Company v. Konschak*, 267 F.Supp. 46, 48 (E.D.Pa.1967). Defendant Independent argues that F.R.Civ.P. 3 must control as to the means of commencement of the action, and that plaintiff's suggestion that Pa.R.C.P. 1007 governs, must be rejected.

### B. The Ragan Problem

In support of the application of the Pennsylvania rule, plaintiff relies principally upon *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). In *Ragan*, the Supreme Court held that a personal injury claim, in a diversity jurisdiction case in federal court, was barred by the applicable state statute of limitations, when the action had not been timely "commenced" within the meaning of certain provisions contained in the state statute of limitations. A reading of *Ragan*, would appear at first blush to support plaintiff's claim, that, in a diversity matter, "commencement" of the suit, for purposes

---

**5.** "An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, (2) a complaint, or (3) an agreement for an amicable action." Pa.R.C.P. 1007.

of application of a state statute of limitations, must be determined by reference to state law, and not by reference to federal rules of procedure.

The soundness of the *Ragan* rule, however, has unquestionably been undermined by the more recent Supreme Court decision in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), in which the Court, when faced with an issue of the adequacy of service of process in a diversity action, held that an applicable federal rule should govern, rather than state law. Although *Hanna* did not expressly overrule *Ragan*, the question of *Ragan's* continuing vitality has been frequently raised. *See, e. g., Benn v. Linden Crane Company, supra*, at 1280; *Elizabethtown Trust Company v. Konschak, supra; Newman v. Freeman*, 262 F.Supp. 106, 111 (E.D.Pa.1966). However, we need not decide if *Ragan* has in fact been eviscerated by *Hanna*, because the issue before us does not present the factual situation with which the *Ragan* court was faced.

In *Ragan*, the "commencement" provision at issue was itself a part of the state statute of limitations; in the matter before us, however, the state "commencement" provision is a procedural rule, and not a provision contained in 12 P.S. § 34. We think the distinction is an important one. *Recent cases suggest that Ragan, and the Erie Doctrine which was its theoretical underpinning, have no application when the state rule governing "commencement" of actions is not an integral part of the statute of limitations. See, Prashar v. Volkswagen of America, Inc.*, 480 F.2d 947 (8th Cir. 1973), reversing 347 F.Supp. 129 (D.C.S.D.1972), cert. denied, 415 U.S. 994, 94 S.Ct. 1596, 39 L.Ed.2d 891 (1974); *Chappell v. Rouch*, 448 F.2d 446 (10th Cir. 1971); *Janus v. J. M. Barbe Co.*, 57 F.R.D. 539 (N.D.Ohio 1972). In *Prashar*, for example, the Eighth Circuit held that F.R.Civ.P. 3, rather than a state statute controlling commencement of an action, was dispositive as to whether an action had been timely commenced; based on its reasoning that the state commencement statute was not an integral part of the statute of limitations, the Court said:

> We conclude that it is only when a state legislates a rule regarding the commencement of action *as an integral part of the statute of limitations* that a state policy making a mode of enforcing a state-created right intrinsically material to the right involved becomes clearly discernible and substantial. It is only then that *Erie* principles as set forth in *Ragan* must govern the litigation.

480 F.2d at 953 (emphasis added). *Accord, Benn v. Linden Crane Company, supra*, at 1280.

We do not see how the state rule which is before us, Pa.R.C.P. 1007, can possibly be viewed as an integral part of the Pennsylvania statute of limitations, 12 P.S. § 34. While the Pennsylvania courts admittedly look to Rule 1007 to determine when an action was "commenced", Rule 1007 has its own purposes—namely, to provide a procedural device as to certainty with respect to the time of commencement of an action, and to eliminate the risks which might otherwise be posed by administrative delays caused by persons other than the plaintiff. We do not believe that the Pennsylvania commencement rule is so intertwined with the state statute of limitations, as to require a federal court to follow the state rule as a matter of substantive law.

At least one other federal court has faced the issue of the application of F.R.Civ.P. 3, or of a state rule of procedure governing commencement of actions, when the policy which underpins the state rule is one which is designed to moderate the effect of ministerial delays in service—a policy akin to that which is the foundation for Pa.R.C.P. 1007. In *Schinker v. Ruud Manufacturing Company*, 386 F.Supp. 626 (N.D.Iowa 1974), the court viewed "commencement" as a procedural matter governed by F.R.Civ.P. 3, even though the state rule specifically provided that it covered "commencement" for purposes of tolling the state statute of limitations. *Id.*, at 632–633. We think it is significant that Pa.R.C.P. 1007 does *not*, on its face, provide that the "commencement"

of an action by the filing of the appropriate Praecipe will be sufficient to toll the statute of limitations; the commencement rule does not even refer to the statute of limitations. While it is clear that Pa.R.C.P. 1007 has been interpreted by the Pennsylvania courts as the proper measure for tolling limitations statutes, *see Lamp v. Heyman, supra,* such interpretation is a matter of judicial gloss, and not a result dictated by the express wording of the state procedural rule, or of the applicable language of the pertinent limitations statute.

Consequently, Pennsylvania's general commencement rule would appear to be much less integrated with the statute of limitations, than either (1) a commencement provision contained in the limitations statute itself, as was the case in *Ragan,* or (2) a procedural rule which expressly provides that commencement under the rule shall toll the statute of limitations, as was the case in *Schinker.* The *Schinker* court's inclination not to apply the explicit state rule before it, is certainly persuasive in leading us to conclude that there is even less reason to apply a more general commencement rule, such as Pa.R.C.P. 1007. The Pennsylvania rule is similar to the general "commencement" statute which was considered by the *Prashar* court, one which the court held was not an integral part of the state statute of limitations in that case.

Because Pa.R.C.P. 1007 is *not* an integral part of the Pennsylvania limitations stat-

ute, 12 P.S. § 34, we have determined that *Ragan* is not controlling in this matter. We need not decide whether *Ragan* was overruled by *Hanna*; clearly the decisions which have evolved have limited *Ragan* to those situations in which the state "commencement" provision is an integral part of the state statute of limitations; that is not the case before us.

We are thus faced with a direct conflict between a federal procedural rule and a state procedural rule, with respect to the time at which plaintiff's action against defendant Independent was commenced. We hold that F.R.Civ.P. 3, and not Pa.R.C.P. 1007, governs in connection with our determination of the time of commencement of the action against Independent, for purposes of deciding the statute of limitations question before us. *See, Hanna v. Plumer, supra.*[6]

### III. Application of the Federal Rule

#### A. Commencement of the action: November 2, 1976

Under the requirements of F.R. Civ.P. 3, it is clear that the action against Independent was commenced on November 2, 1976, when the Amended Complaint was first filed. Although the original Complaint, in which only White and Sterns were named as defendants, was filed within the two-year limitations period, Independent was first joined in the Amended Complaint.[7] Because the two-year statute

---

**6.** Other decisions suggest that conflicts between F.R.Civ.P. 3 and state commencement provisions should be resolved in favor of the application of the federal rule, under either one of two theories: (1) that *Hanna* mandates application of F.R.Civ.P. 3, *see, e. g., Benn v. Linden Crane Company, supra,* at 1281; or (2) that the federal interest in applying F.R.Civ.P. 3 is an affirmative, countervailing consideration which sufficiently offsets the possibility that application of the state rule could substantially affect the outcome of the litigation, *see, e. g., Smith v. Seaboard Coast Line Railroad Company,* 327 F.Supp. 536 (D.C.S.C.1971).

Although we are unsure that the *Smith* court's outcome-determinative type of analysis should be pursued in situations which seem clearly governed by *Hanna* (*cf., Benn v. Linden Crane Company, supra* ), the result which the *Smith*

court reached is certainly consistent with our own preference for the application of F.R.Civ.P. 3. The *Smith* court was forced to choose between F.R.Civ.P. 3 and a *state rule of civil procedure* which provided for the commencement of suit *by service of a summons*; the court opted for the application of the federal rule. Although the commencement issue in *Smith* was raised in a slightly different context —namely, as to when the action had been commenced, for purposes of determining the existence of diversity in connection with a removal petition—we think that the similarity of that state rule, to Pa.R.C.P. 1007, renders that precedent highly relevant.

**7.** Plaintiff has not suggested that the Amended Complaint should be deemed to have been filed as of the date of the original Complaint, under the doctrine of "relation back" of amendments,

had run on August 26, 1976, the commencement of an action against Independent, by the filing of the Amended Complaint on November 2, 1976, was untimely; plaintiff's cause of action against Independent is therefore barred by the statute of limitations, 12 P.S. § 34.

While our Order, of July 21, 1976, permitted both joinder of Independent as an additional defendant, and issuance of process, neither that Order nor the actual issuance of process, on August 24, 1976, tolled the statute of limitations; plaintiff's failure to file the Amended Complaint, the only act which could toll the statute of limitations as to defendant, Independent, was a fatal error. Clearly, application of the *federal* rules mandates that the only possible date for "commencement" of the action is the date upon which the Amended Complaint is actually filed of record. F.R.Civ.P. 3.

It is, of course, unfortunate that plaintiff is out of court, as to Independent, because of his failure to commence an action within the statutory period. Superficially the result may appear to be harsh, since, plaintiff apparently "commenced" his action in accordance with Pennsylvania practice, even though he failed to take the step necessary to constitute "commencement" within the meaning of the Federal Rules of Civil Procedure. Yet plaintiff's delay in filing the Amended Complaint cannot be excused; he filed his motion with us, for leave to amend the Complaint, and we granted that motion, more than a month prior to the two-year

limitations deadline. Although the motion was granted on July 21, 1976, the Amended Complaint, which would have tolled the statute if filed by August 26, 1976, was not in fact filed until November 2, 1976—a delay which cannot be excused by plaintiff's attempted reliance on Pa.R.C.P. 1007 as the relevant "commencement" rule.

### B. The "Notice Pleading" Issue

■ In addition to his argument for application of Pa.R.C.P. 1007, plaintiff has advanced an alternative theory which he claims substantiates his contention that the claims against Independent are not barred by the statute of limitations. Plaintiff argues that the defendant had the type of *notice* of the claims against it, which permits plaintiff to overcome the limitations defense. Plaintiff relies upon F.R.Civ.P. 8(f), which states that, "all pleadings shall be so construed as to do substantial justice"; he would have us treat defendant Independent as an entity which had "notice" of the plaintiff's claims, prior to the actual date the Amended Complaint was filed and served. Specifically, plaintiff argues that the summons of August 24, 1976, together with the copy of the Motion for Leave to Amend, the original Complaint, and our Order which granted leave to amend, should be held to be the equivalent of an Amended Complaint, because those papers contained all of the material allegations that relate to defendant Independent's alleged liability to plaintiff.[8]

---

as set forth in F.R.Civ.P. 15(c). In any event, that doctrine clearly has no application under the facts in this matter. Plaintiff has not alleged the requisite factors contemplated by Rule 15(c), for relation back of amendments changing the party against whom a claim is asserted; namely, that, within the limitations period, the new party received the notice called for by Rule 15(c)(1), and that there was a mistake concerning the identity of the proper party, within the meaning of Rule 15(c)(2). There is nothing before us to indicate that the Amended Complaint in this case must, or should, be related back to the original timely Complaint.

Moreover, we note with interest that, even under Pennsylvania law a party not named in the original complaint cannot generally be joined by subsequent amendment, if the statutory pe-

riod has run. *Talley v. Piersen*, 33 F.R.D. 2, 4 (E.D.Pa.1963).

8. Even if we were willing to accept plaintiff's argument that "notice" to Independent is a substitute for the timely filing of an Amended Complaint, the record does not disclose that Independent had any actual notice of plaintiff's claims, (in the manner alleged by plaintiff) prior to the actual receipt of the papers which accompanied the summons of August 24, 1976. Those papers were not served upon Independent until October 6, 1976—after expiration of the limitations period. Thus, even the "notice" upon which plaintiff places such great emphasis would have been untimely. Although plaintiff rests his argument upon the provisions of F.R.Civ.P. 8, our prior discussion of F.R.Civ.P. 15(c), (footnote 7, *supra*) is analogous; Rule

Plaintiff's argument misses the mark, and completely misconstrues the thrust of F.R.Civ.P. 8(f). F.R.Civ.P. 3 has been held to be the applicable federal rule, for purposes of determining when a statute of limitations is tolled, in order to avoid the thicket in which federal courts would be hopelessly entangled if the standard was that urged by the plaintiff—one which would state that a suit is timely commenced, prior to the filing of the complaint, if a party merely had "notice" of the claims against him. Commencement of the action, by the filing of a complaint, is the critical act required to toll the statute.[9] Rule 3 applies; Rule 8, under the circumstances of this case, is inapposite. While Rule 8 provides for the liberal construction of pleadings, *it does not allow a Motion for Leave to Amend to serve as a substitute for the Amended Complaint itself.*[10] Neither the principles of liberal construction, nor the concept of notice pleading, can offer support to plaintiff in this case.

## IV. Conclusion

Because plaintiff's Amended Complaint, in which Independent was named as a defendant for the first time, was not filed until November 2, 1976, we hold that plaintiff's action against Independent was not commenced until that date. F.R.Civ.P. 3. Since the applicable limitations period set forth in 12 P.S. § 34 expired in August, 1976, the Amended Complaint was not filed within the controlling limitations period. Accordingly, plaintiff's Amended Complaint against defendant Independent is barred by the statute. There are no genuine issues of material fact before us; hence, Independent is entitled to judgment as a matter of law. An appropriate Order will issue, directing the entry of summary judgment on

behalf of defendant Independent, pursuant to F.R.Civ.P. 56(b), as to all claims asserted against Independent by plaintiff, in the Amended Complaint.

---

15(c), for example, clearly contemplates that "notice", in the context of relation back of amendments relative to the party sued, be *received, within the period provided by law for commencing the action.* F.R.Civ.P. 15(c).

In any event, even notice given within the statutory period could not, under the circumstances we face, be treated as a sufficient "commencement" of the action against Independent.

**9.** While in some instances a delay in effectuating *service* of a timely-filed complaint may render a plaintiff arguably vulnerable to a limitations defense, there is no issue before us of the "due diligence" of plaintiff in this respect.

**10.** We would also point out that F.R.Civ.P. 8(f) applies to "pleadings", and that pleadings are to be distinguished from "motions", as is clear from F.R.Civ.P. 7.