Garnet **VINSON**, Appellant,

v.

**RICHMOND POLICE DEPT., and Richmond Commonwealth Attorney, etc., Appellees.**

No. 77–1153.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1977.

Decided Dec. 12, 1977.

George W. Warren IV, Richmond, Va., for appellant.

Thomas D. Stokes III, Richmond, Va. (Browder, Russell, Little, Morris & Butcher; Stacy F. Garrett III, Deputy Commonwealth's Atty. for the City of Richmond and Aubrey M. Davis, Jr., Commonwealth's Atty., Richmond, Va., on brief), for appellees.

Before RUSSELL and HALL, Circuit Judges, and THOMSEN, District Judge.[*]

DONALD RUSSELL, Circuit Judge:

This is a *pro se* § 1983, 28 U.S.C., action.[1] The district court dismissed the action as barred by the applicable Virginia statute of limitation, as established by us in *Almond v. Kent* (4th Cir. 1972) 459 F.2d 200, 204, for § 1983 actions. On appeal we find it unnecessary to consider this ground, which is one of defense,[2] because it is clear on the face of the complaint itself that the cause of action as against the named defendants is without merit. We accordingly affirm the judgment for the defendants, but on grounds different from those assigned by the district court.

The only defendants named in the complaint are the Richmond Police Department and the Richmond Commonwealth Attorney. It is, however, settled that the Police Department of the City of Richmond, Virginia, is not a person within the purview of § 1983 and is not suable thereunder.[3]

---

[*] Sitting by Designation.

[1.] Plaintiff was represented by court-appointed counsel on appeal.

[2.] The two-year period allowed by the Virginia statute of limitations for the institution of an action under § 1983 for the allegedly unconstitutional taking expired on June 19, 1976. June 19 was, however, a Saturday and both under Rule 6(a), F.R.C.P., 28 U.S.C., and under § 1.13.3:1, Code of Virginia, time was extended for the filing of the action to the "next day that is not a Saturday, Sunday or legal holiday." Irrespective of whether the federal or state rule controls, unquestionably then the filing of his complaint on Monday, June 21, 1976, would have been in time. Plaintiff's complaint was received in the Clerk's office on June 21, which would normally have been within time. The plaintiff, however, sought to proceed *pro forma pauperis* under § 1915, 28 U.S.C., and it was argued that, in such circumstances, the action was not to be considered filed until the court had entered its order permitting the action to

proceed *pro forma pauperis*. The district judge did not enter his order allowing the action to proceed *pro forma pauperis* until August 17, 1976 and, because this was beyond two years from the commission of the "constitutional test," the action was found to be barred. We are not prepared to accept this construction of the application of § 1915. Under a more reasonable construction the approval of the application to proceed *pro forma pauperis*, when entered, would relate back to the date when the plaintiff filed his action with the clerk, accompanied by an appropriate application to proceed *pro forma pauperis*. We, however, find it unnecessary to pursue this question in view of our conclusion that the complaint shows on its face the absence of any liability on the part of the only named defendants.

[3.] Specifically, with respect to a municipal police department, *see Henschel v. Worcester Police Department, Worcester, Massachusetts* (1st Cir. 1971) 445 F.2d 624; *United States ex rel. Lee v. People of State of Illinois, City of*

The complaint does not suggest any personal involvement of the Commonwealth Attorney in the allegedly illegal taking of which plaintiff complains; in the absence of such personal involvement, the Commonwealth Attorney is not liable under § 1983.[4] Moreover, a public prosecutor such as the Commonwealth Attorney, enjoys an immunity for any actions taken in his prosecutorial role.[5] Since neither party defendant can thus be sued or found liable under § 1983, as shown on the face of the complaint itself, the district court properly dismissed the action.

The plaintiff, of course, might sue personally those police officers who were involved in the allegedly illegal taking either under § 1983 or under state law. Under such circumstances, we might be inclined, since the plaintiff is proceeding *pro se,* to remand to permit an amendment by the plaintiff to bring in as parties-defendant the actual officers involved in the allegedly illegal taking against whom plaintiff might have an action. This would, however, be fruitless in this case since, under the application of *Almond v. Kent, supra,* any action under § 1983 against such officers would plainly be barred by the appropriate Virginia statute of limitations.[6] This conclusion follows from the oft-stated principle that when new parties-defendant are added by amendment, the commencement of the action as against such defendants, for purposes of assessing the bar of the statute of limitations, does not relate back to the initial filing of the action but is governed by the date of the amendment itself.[7]

The judgment of the district court dismissing this action is accordingly affirmed.

---

*Chicago Police Department* (7th Cir. 1965) 343 F.2d 120. A municipality, of which the police department is an integral part, has been repeatedly declared not to be a "person" within § 1983. *Bishop v. Wood* (1976) 426 U.S. 341, 343, n. 1, 96 S.Ct. 2074, 48 L.Ed.2d 684; *City of Charlotte v. Firefighters* (1976) 426 U.S. 283, 284, n. 1, 96 S.Ct. 2036, 48 L.Ed.2d 636; *City of Kenosha v. Bruno* (1973) 412 U.S. 507, 511–514, 93 S.Ct. 2222, 37 L.Ed.2d 109; *cf.,* Note, *Damage Remedies Against Municipalities for Constitutional Violations,* 89 Harv.L.Rev. 922 (1976), and Note, *Section 1983 and Federalism,* 90 Harv.L.Rev. 1133, 1191–7 (1977).

4. *Rizzo v. Goode* (1976) 423 U.S. 362, 372–3, 96 S.Ct. 598, 46 L.Ed.2d 561; *Bennett v. Gravelle* (D.Md.1971) 323 F.Supp. 203, 211, aff'd 4 Cir., 451 F.2d 1011, cert. dismissed 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692; *Milton v. Nelson* (9th Cir. 1976) 527 F.2d 1158, 1159 (involving as here, alleged confiscation of property by officers); *Buck v. Board of Elections of City of New York* (2d Cir. 1976) 536 F.2d 522, 524; *Ford v. Byrd* (5th Cir. 1976) 544 F.2d 194, 195; *Hampton v. Holmesburg Prison Officials* (3d Cir. 1976) 546 F.2d 1077, 1081–82; *Dyson v. Lavery* (E.D.Va.1976) 417 F.Supp. 103, 109.

As summarized in the dissenting opinion, *Rizzo* established that "a state official is not subject to the strictures of 42 U.S.C. § 1983 unless he *directs* the deprivation of constitutional rights." (Italics added.) 423 U.S. at 384, 96 S.Ct. at 610. See, also, Note, *Rizzo v. Goode: Federal Remedies for Police Misconduct,* 62 Va.L.Rev. 1259 at 1274 and 1276 (1976).

5. *Imbler v. Pachtman* (1976) 424 U.S. 409, 420–21, 96 S.Ct. 984, 47 L.Ed.2d 128; *McCray v. State of Maryland* (4th Cir. 1972) 456 F.2d 1,

3–4; *cf., Briggs v. Goodwin* (D.C.Cir.1977) 569 F.2d 1 (decided 9/21/77).

In Note, *Section 1983 and Federalism, supra,* at 1199–1200, the editor states;

" * * * It is well established that state judges, legislators, and prosecutors enjoy an absolute immunity from section 1983 liability for damages. * * *

"Though nominally absolute, these immunities are not without exceptions. To be completely protected, the defendant's challenged conduct must have occurred in the performance of his official functions. But the exceptions do not undermine the immunities in any significant way, with the result that individuals suffering a constitutional violation at the hands of legislators, judges, and prosecutors are generally foreclosed from any recovery, no matter how malicious the underlying conduct."

6. In *Almond v. Kent, supra,* 459 F.2d at 204, we declared that the Virginia two-year statute of limitation for "action[s] for personal injuries" applied to any action asserting "rights which may be redressed under § 1983 by the recovery of money damages," since "[i]n the broad sense, every cause of action under § 1983 which is well-founded results from 'personal injuries.'"

7. *Anderson v. Papillion* (5th Cir. 1971) 445 F.2d 841, 842; *Butler v. Sinn* (3d Cir. 1970) 423 F.2d 1116, 1118; *Evans v. United States Veterans Admin. Hospital* (2d Cir. 1968) 391 F.2d 261, 262, cert. denied 393 U.S. 1040, 89 S.Ct. 667, 21 L.Ed.2d 589; *Chladek v. Sterns Transp. Co.* (E.D.Pa.1977) 427 F.Supp. 270, 275–6.