Claude GARDNER

v.

Robert F. ZAHRADNICK, Warden.

Civ. A. No. 77–0013–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 25, 1978.

Claude Gardner, pro se.

Guy W. Horsley, Jr., Asst. Atty. Gen. of Va., Richmond, Va., for defendant.

### MEMORANDUM

WARRINER, District Judge:

This matter is before the Court on remand, 584 F.2d 976, from the Court of Appeals for the Fourth Circuit. On 20 June 1977 this Court dismissed·plaintiff's complaint filed under 42 U.S.C. § 1983 because it failed to allege that the defendant, Robert F. Zahradnick, had participated in any of the acts of which plaintiff complained. On appeal, the Court of Appeals, noting that plaintiff had set forth a justiciable cause but had named an incorrect defendant, vacated the order of this Court and remanded "for a more thorough investiga-

tion" as to the identity of the defendant on authority of *Gordon v. Leeke,* 574 F.2d 1147 (4th Cir. 1978).

At the time this Court entered its order dismissing this action, this Court assumed that the plaintiff had investigated thoroughly the incident which gave rise to his complaint. The events of which Gardner complained took place in the fall of 1975. Gardner's complaint in this Court was filed 11 January 1977. This fourteen-month interval between the event and the filing of· the complaint was a sufficient period of time to investigate if investigation could be of benefit to plaintiff. This reasonable assumption was supported by the exhibits filed with and subsequent to the complaint by the plaintiff which showed that the subject of the complaint had been at issue in a lengthy administrative proceeding within the prison. Plaintiff's sworn complaint and the affidavit accompanying the complaint showed conclusively that despite the foregoing plaintiff had not and could not identify the person responsible for taking his property. He could only assert with assurance that the person responsible was a prison guard or other prison official. Specifically he could not assert that defendant Zahradnick was personally responsible.

When the defendant on 31 January 1977 filed his motion for summary judgment pointing out that he was not personally involved in or responsible for the conduct which resulted in the alleged deprivation, plaintiff responded with an affidavit which once again showed that he was stymied in his efforts to identify the correct defendant by the very nature of the occurrence.[1] When the memorandum opinion of the United States Magistrate was filed on 19 April 1977 the plaintiff filed a sworn objection to the Magistrate's opinion saying once again that he could not identify the person who actually deprived him of his property, and stating why he could not know the

---

1. During a general shakedown all prisoners had been confined to their cells. Only prison guards and shop personnel then had access to the locker in which plaintiff had stored personal belongings When the shakedown was completed plaintiff discovered his goods were miss-

ing from the locker. He logically assumed, and so alleged, that prison employees took his goods. He illogically, and contrary to legal precepts, named the warden as defendant in his 42 U.S.C. § 1983 action.

identity of the proper defendant in this case.

Thus, the Court dismissed the action knowing that plaintiff *could not* determine the identity of the person who caused him injury. Further, the Court knew that plaintiff's failure to identify the correct defendant was based not on lack of knowledge by the plaintiff that failure would be fatal to his case or on a lack of opportunity to identify the correct defendant or on lack of effort to identify the correct defendant. In other words, it was clear to the trial court that plaintiff had already investigated thoroughly the incident and was advised as to the need to identify the person responsible for his harm, but because of the circumstances surrounding his deprivation, he was simply unable to name the correct defendant. To hold this case in abeyance to "afford [the plaintiff] a reasonable opportunity to determine the correct person or persons against whom the claim is asserted" would, it seemed to the Court, be the height of futility—the exaltation of form over substance and a wasteful and time-consuming approach which offered no benefit to either party.

The Court of Appeals in its unreported decision apparently recognized that the plaintiff was "unable to identify the perpetrators of the theft due to the fact that he was confined to his cell" since it used the quoted language in its opinion. Nevertheless, the Court of Appeals vacated and remanded "for a more thorough investigation."

It is written in *Gordon v. Leeke* that "[a] district court is not required to act as an advocate for a *pro se* litigant." Likewise, this Court must assume until advised to the contrary, that it is not to act as a private investigator for a *pro se* litigant. This view is buttressed by the language in *Gordon v. Leeke* which appears to hold that the district court "should afford *him [the prisoner]* a reasonable opportunity to determine the correct person against whom the claim is asserted . . . ." 574 F.2d at 1153 (emphasis added).

Thus, this remand has for its purpose the granting to plaintiff of a reasonable opportunity to determine the right person to sue. Plaintiff has been unable in the three years which have transpired since his alleged loss to do so. If time alone is the measure of "a more thorough investigation," then the Court must necessarily allow three more years and more for the investigation required on remand. But the Court of Appeals would not desire such a waste of the plaintiff's time, or such an imposition on this Court's docket.

How any additional time will be of help to the plaintiff is more than this Court can determine. Nonetheless, the Court will grant plaintiff 30 days to conduct a more thorough investigation to determine the correct person or persons who deprived him of his property. It may be that someone has spoken out carelessly in the intervening years, or that someone in the interim has been seen with the goods or that some other fortuitous event has revealed the identity of the correct defendant. (Though if this be so the Court cannot fathom why plaintiff has been reticent in so advising the Court.) If the plaintiff can ascertain the correct persons he is to advise the Court as to their names and addresses and the Court will direct amendment of the pleadings to bring those persons before the Court.

If plaintiff's investigation does not reveal the proper defendant or defendants, or if plaintiff fails to file with the Court the names and addresses of the proper defendants, then 30 days from the entry of this order, the Court will dismiss this action.

An appropriate order will issue.

## MEMORANDUM

### ON MOTION TO DISMISS

Claude Gardner, an inmate confined at the Virginia State Penitentiary proceeding *pro se,* brings this civil rights action *in forma pauperis* under 42 U.S.C. § 1983 (1970). Jurisdiction of this Court is grounded in 28 U.S.C. § 1343(3) (1970).

This matter is before the Court on remand from the Court of Appeals. On 20

June 1977 this Court dismissed plaintiff's complaint because it failed to allege that the named defendant had participated in any of the acts of which plaintiff complained. On appeal, the Court of Appeals, noting that plaintiff had set forth a justiciable cause but had named an incorrect defendant, vacated the order of this Court and remanded "for a more thorough investigation" as to the identity of the defendant on authority of *Gordon v. Leeke,* 574 F.2d 1147 (4th Cir. 1978). By order dated 25 October 1978 this Court granted plaintiff leave to conduct a more thorough investigation to determine the correct person or persons who deprived him of his property and, if such person or persons could be ascertained, plaintiff was to advise the Court as to their names and addresses. On 30 November 1978 plaintiff filed a motion to amend his complaint to name W. M. Riddle, E. L. Booker and Jack Davis and parties defendant. The defendants responded to plaintiff's amended complaint with a motion to dismiss, to which, plaintiff has responded.

The Court is of the opinion that the defendants' motion to dismiss should be granted. The parties who plaintiff has named as defendants in his amended complaint, like the original complaint, are (or were) all supervisory personnel in the Department of Corrections (i. e. Walter M. Riddle was Superintendent of the Virginia State Penitentiary at the time of the alleged deprivation, E. L. Booker was Chief of Security at the Penitentiary, and Jack Davis was Director of the Department of Corrections). Again, plaintiff has not alleged that any of these newly named defendants were in any way *personally* involved in plaintiff's alleged constitutional deprivation. Plaintiff's position remains, as it has throughout the course of this civil action, that he is unable to determine the identity of the person or persons who allegedly took his property and that he therefore feels "the officials in charge" should be liable in this § 1983 action. Plaintiff's claim must, of course, fail. It is firmly established that liability for constitutional deprivations under Section 1983 cannot be based solely on a theory of *respondeat superior.* *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977); *Bennett v. Gravelle,* 323 F.Supp. 203, 215 (D.Md.1971), *aff'd* 451 F.2d 1011 (4th Cir. 1971). Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. *See, Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Although plaintiff in the case at hand has been given every opportunity, he has failed to name as a defendant the individual who personally acted in plaintiff's alleged constitutional deprivation, and he has failed to affirmatively show that the officials presently charged as defendants were, in any way, personally involved in such deprivation.

An appropriate order shall issue.

## ADDENDUM TO MEMORANDUM

The memorandum and order of this Court dated 8 March 1979 dismissing this action grounds its reasoning in the fact that plaintiff, after being given an opportunity to amend, has continued to name supervisory personnel. The action is one pursuant to 42 U.S.C. § 1983 and *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976) establishes the need for personal involvement in a deprivation of civil rights pursuant to said statute.

The Court is compelled to dismiss plaintiff's complaint for the additional reason that the alleged deprivation of plaintiff's property occurred in the fall of 1975. This is more than two years ago and a two-year statute of limitations is applicable in Virginia to Section 1983 actions. *Almond v. Kent,* 459 F.2d 200, 204 (4th Cir. 1972). Thus any amendment to add a presently un-named party would be legally futile at this point. *Vinson v. Richmond Police Dept.,* 567 F.2d 263, 265 (4th Cir. 1977).

Accordingly, for the additional reasons outlined above, defendant's motion to dismiss is granted.