802 F.2d 451
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter Lloyd BLAIR, Appellant,
v.
Braun A. HAMSTEAD, Prosecuting Attorney for Jefferson
County, WV.; Rocky A. Reel; The County of
Jefferson Government; Robert Carter and
Melody H. Gaidrich, Appellees.
 No. 84-2375.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1986.
Decided Sept. 25, 1986.
 
 W. Edward Thompson (Walter Lloyd Blair; Blair & Associates; Mercer G. Anderson on brief) for Appellant.
 Robert R. Skinner for appellees.
 D.W.Va.
 AFFIRMED.
 Before RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Walter Lloyd Blair appeals from the entry of judgment and the award of attorney fees in favor of the defendants, a group of West Virginians, in his action seeking damages for the alleged violation of his civil rights under 42 U.S.C. Secs. 1981, 1982, 1983 and 1985.
 
 
 2
 Blair, a black West Virginia attorney, was representing a criminal defendant when two of the prosecution's witnesses complained that Blair had threatened them if they testified. Braun Hamstead, the Prosecuting Attorney of Jefferson County, West Virginia, investigated the complaints by deposing one of the witnesses and sending two state troopers to interview Blair. On the basis of this investigation, Hamstead, as the prosecuting attorney, submitted the matter to the grand jury which returned two indictments against Blair for intimidating witnesses. His convictions at the first trial were reversed and a new trial ordered. On the second trial the jury acquitted Blair.
 
 
 3
 In the meantime, before Hamstead had even secured the indictments, Blair brought suit in United States District Court against Hamstead, his assistant Melody Gaidrich, the two allegedly threatened witnesses, the two state troopers who interviewed Blair, Jefferson County, and the state of West Virginia. Alleging that the defendants had attacked him on account of his race, Blair sought damages from the defendants for conspiring to deprive him of his civil rights and sought an injunction staying his criminal prosecution. Blair also sought damages for malicious prosecution, defamation, negligence, harassment, and intentional infliction of emotional distress. Before trial, however, the district court declined to issue an injunction and dismissed the claims against West Virginia and the state troopers. Furthermore, during trial, the district court dismissed the state claims without prejudice, directed a verdict in favor of the two allegedly threatened witnesses on the federal claims against them, and sent the section 1983 claim against Hamstead and Gaidrich to the jury. The jury returned a verdict for the defendants, and the district court awarded Hamstead, Gaidrich, and the two threatened witnesses a total of $7500 in attorney fees against Blair. See 42 U.S.C. Sec. 1988. Blair then brought this appeal.
 
 
 4
 In his first argument on appeal, Blair maintains that the district court erred in denying his post-trial motion against Hamstead and Gaidrich for judgment notwithstanding the verdict or alternatively a new trial. In ruling on a motion for judgment notwithstanding the verdict, the trial court should consider the record in the light most favorable to the party opposing the motion and if there is substantial evidence supporting the verdict, deny the motion. Wyatt v. Interstate and Ocean Transport Co., 623 F.2d 888, 891 (4th Cir. 1960). Relatedly, in ruling on a motion for a new trial, the trial judge should consider the evidence and order a new trial only if "he is of the opinion that the verdict is against the clear weight of the evidence, ... is based upon evidence which is false[,] or will result in a miscarriage of justice." Id. at 891-92.
 
 
 5
 In this case, in ruling against Blair's motion for judgment notwithstanding the verdict or a new trial, the district judge stated that, "These defendants had absolute immunity. There simply wasn't any question about it. I had no problem." Although, as Blair points out, this statement does not fit into the neat pattern that Wyatt provided for deciding these motions, it certainly correctly expressed the district judge's view that the evidence, establishing as it did, the defendants' absolute immunity, supported completely the jury's verdict. See Imbler v. Pachtman, 424 u.s. 409 (1976); Vinson v. Richmond Police Dept., 567 F.2d 263 (4th Cir. 1977), vacated and remanded for reconsideration of a separate issue, 438 U.S. 903 (1978).[1] As a result, Blair's first argument must fail.[2]
 
 
 6
 Similarly, Blair's second argument, that the court incorrectly dismissed, without prejudice, his state claims against the defendants is also without merit. Blair's original complaint asserted federal question jurisdiction over his civil rights claim and assumed pendent jurisdiction over his state law claims for malicious prosecution, defamation, harassment, negligence, and intentional infliction of emotional distress. The law is established, however, that the trial court has the discretion to dismiss pendent state claims in federal question cases for reasons of comity or judicial efficiency. United Mine Workers v. Gibbs, 383 U.S. 715, 725-27 (1966). In this case the trial judge chose to dismiss the state claims, because he viewed them as dominating the case. See id. at 726-27. This was correct, because Blair brought one federal cause of action while bringing five state causes of action. Because of the immunity of the defendants under the civil rights claim, moreover, the state claims presented Blair's best chance of a substantial recovery. Consequently, the trial judge properly exercised his discretion in dismissing the pendent state claims for a West Virginia court to decide.
 
 
 7
 Recognizing the likelihood that the trial court properly dismissed his pendent claims, however, Blair also argues that he is a Maryland citizen while the defendants are West Virginia citizens. This fact, if properly plead, would mean that the court had diversity jurisdiction over the state law claims and could not dismiss them. 28 u.s.C. 5 1332(a). The plaintiff, however, has the burden of alleging and proving jurisdictional facts, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1935), Sligh v. Doe, 596 F.2d 1169, 1170 (4th Cir. 1979), and jurisdiction should appear from the complaint. Wright, Miller and Cooper, Federal Practice and Procedure Civil: Sec. 3611 at 516-17 (2d ed. 1984). Courts, however, liberally allow amendments to pleadings to allege jurisdiction. See Local No. 1 (ACA) International Brotherhood of Teamster , 614 F.2d 846, 853 (3rd Cir. 1980).
 
 
 8
 Unfortunately, in this case Blair sued several defendants and if Blair and any one of the defendants were citizens of the same state, then diversity jurisdiction would be inappropriate. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365 (1978). Blair's complaint and amended complaint, moreover, did not allege his citizenship, but only his residence, and although the two complaints named the residence of some of the defendants, they alleged the citizenship of only one of the defendants. Nadler v. American Motors Sales Co , 764 F.2d 409, 412-413 (5th Cir. 1985); See Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972) (allegations of residence are insufficient to establish citizenship). Finally, despite the opportunity, Blair never amended his complaint, even orally, to allege the citizenship of the defendants. He did assert in opposing the defendants' motion for dismissal that the pleadings asserted diversity of citizenship, and he stated when moving for a new trial that there was complete diversity, but the bald assertion that the pleadings alleged jurisidiction is insufficient to establish jurisdiction, especially when the complaint does not allege diversity, and after trial, when Blair had had many opportunities to correct his pleadings, the district court had the discretion to refuse to recognize an oral amendment. See 3 Moore on Federal Practice 11 15.10 at 15-106 (1985); and Christophides v. Porco, 289 F.Supp. 403, 408 (S.D.N.Y. 1968). Consequently, the district court did not commit an abuse of its discretion in dismissing Blair's pendent state claims.
 
 
 9
 Finally,[3] Blair also asserts that the district court erred in awarding the defendants attorney fees. The district court awarded the fees under 42 U.S.C. 5 1988 which provides that in cases under 42 U.S.C. Secs. 1981-86, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Normally, courts use this section to award attorney fees to prevailing plaintiffs, but where a plaintiff's civil rights action is without foundation, even though not brought in subjective bad faith, courts can also award attorney fees to the prevailing defendants. Hughes v. Rowe, 449 U.S. 5 (1960); Christianburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978).
 
 
 10
 In this case, the district court properly recognized that it was clear from the beginning that Hamstead and Gaidrich enjoyed absolute immunity for their actions under Imbler v. Pachtman, 424 U.S. 409 (1976), and it also properly recognized that Blair's suit against the two threatened witnesses was equally insubstantial. In that circumstance, the award of attorney fees in favor of the defendants was proper. Similarly, the district court's determination of the amount of attorney fees to award the defendants was also proper. The court followed the procedures and guidelines established by Barker v. Kimbrell's Inc., 577 F.2d 216 (4th Cir.) cert. denied, 439 U.S. 934 (1978), and awarded appropriate and reasonable fees to the defendants. Consequently, this final argument of the plaintiff is without merit, and accordingly, the judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 As the Vinson court explained the rule:
 It is well established that state judges, legislators, and prosecutors enjoy an absolute immunity from section 1983 liability for damages.
 Though nominally absolute, these immunities are not without exceptions. To be completely protected, the defendant's challenged conduct must have occurred in the performance of his official functions. But the exceptions do not undermine the immunities in any significant way, with the result that individuals suffering a constitutional violation at the hands of legislators, judges, and prosecutors are generally foreclosed from any recovery, no matter how malicious the underlying content. 567 F.2d at 265 n. 5 (quoting Note, Section 1983 and Federalism, 90 Harv.L.Rev. 1133, 1199-1200 (1977) ).
 
 
 [2]
 It is unclear from Blair's brief if he also argues that the trial court erred in denying Blair's motion for a new trial or judgment notwithstanding the verdict with regard to his claim against the two allegedly threatened witnesses. We find, however, that the district court also properly denied this portion of Blair's post-trial motion
 
 
 [3]
 Blair also argues that the trial court acted improperly when it did not allow one of Blair's witnesses to testify as to what he concluded as he overheard Hamstead make an allegedly racial remark. A reading of the record, however, reveals that the trial court did not prevent the witness from testifying as to what he concluded. At any rate, even if he had excluded such testimony it could not have been error since the trial judge has the discretion to exclude this type of only marginally relevant, and perhaps confusing, testimony. See Fed.R.Evid. 401, 403; and United States v. Masters, 622 F.2d 83, 88-89 (4th Cir. 1980 (appellate court will disturb discretion of district court under Rule 403 only if it acted arbitrarily or irrationally)